McGEE, Chief Judge.
*198 Logan Williams ("Defendant") was placed on supervised probation on 15 January 2014 after pleading guilty to possession with intent to sell heroin. A probation violation report ("the report") was filed on 9 July 2014, alleging that Defendant had violated seven conditions of his probation, including, inter alia, leaving the jurisdiction without permission, failing to report as ordered for scheduled office contacts, changing his address without informing his probation officer, and absconding. A probation revocation hearing ("the hearing") was conducted on 28 August 2014.
Defendant's probation officer (or "the probation officer") testified at the hearing that, on 27 May 2014, when she went to the address Defendant had given as his residence, a woman informed her that Defendant had been "back and forth" to the address but had "never really lived at [the] address[.]" Defendant's probation officer testified the woman informed her that Defendant had been going back and forth from North Carolina *199 to New Jersey. The probation officer further testified that Defendant did not show up for a scheduled appointment on 16 June 2014, and did not respond to a message left on 16 June 2014 requiring him to come to her office on 17 June 2014. Defendant called the probation officer on 23 June 2014 and left a message. The probation officer talked to Defendant on 24 June 2014 and told him to show for an appointment on 1 July 2014. Defendant failed to attend the 1 July 2014 appointment, but answered the phone when the probation officer called him that evening. The probation officer advised Defendant that he had to come by her office the next day, 2 July 2014. Defendant failed to make that appointment, and the probation officer testified that, when she called Defendant, he said he was in New Jersey.
The probation officer obtained an order for Defendant's arrest and informed Defendant that he was required to show up at the probation office on 8 July 2014 at 4:00 p.m. Defendant arrived at the probation office at 3:30 p.m. on 8 July 2014. The probation officer testified that Defendant "admitted to going back and forth to ... New Jersey, and [that she] just couldn't locate him and he wasn't making himself available for supervision." The trial court found that Defendant had violated all seven of the conditions alleged in the report and activated Defendant's sentence on 28 August 2014. Defendant appeals.
Defendant argues the trial court erred by revoking his probation because the State failed to prove a violation of the absconding provision in N.C. Gen. Stat. § 15A1343(b). We agree.
Defendant does not argue that the trial court erred in finding he violated sections two through seven of the report. Defendant only argues that the evidence and law does not support a conclusion that he absconded. This matter is controlled by N.C. Gen.Stat. §§ 15A-1343 and 15A-1344.
The enactment of the JRA [the Justice Reinvestment Act of 2011] brought two significant changes to North Carolina's probation system. First, for probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violations] under N.C. Gen.Stat. § 15A-1344(d2). See *200 N.C. Gen.Stat. § 15A-1344(a). For all other probation violations, the JRA authorizes courts to alter the terms of probation pursuant to N.C. Gen.Stat. § 15A-1344(a) or impose a CRV in accordance with N.C. Gen.Stat. § 15A-1344(d2), but not to revoke probation. Id.
Second, "the JRA made the following a regular condition of probation: 'Not to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts *743 unknown to the supervising probation officer.' "
State v. Nolen, 228 N.C.App. 203, 204, 743 S.E.2d 729, 730 (2013) (citations omitted). A trial court may no longer revoke a defendant's probation for a probation violation, unless that violation is committing a new crime or absconding, or unless the violation follows two prior periods of confinement in response to violations ("CRV"). Id. In its brief, the State does not argue that Defendant absconded, but simply states that "the [trial] court was reasonably satisfied in its discretion that [ ] Defendant violated the conditions of his probation and that the violations were willful and without lawful excuse." The State argues:
[W]here the trial court is reasonably satisfied that a [d]efendant has willfully violated a valid condition of his probation without lawful excuse, it is within the court's discretion to revoke [d]efendant's probationary sentence and invoke the active sentence. State v. Freeman, 47 N.C.App. 171, 175, 266 S.E.2d 723, 725 (1980).
As indicated in Nolen, this is no longer a correct statement of the law for violations occurring on or after 1 December 2011. Nolen, 228 N.C.App. at 204, 743 S.E.2d at 730 ; State v. Kornegay, 228 N.C.App. 320, 321-24, 745 S.E.2d 880, 882-83 (2013). In the case before us, the trial court could only revoke Defendant's probation if it found that Defendant had absconded in violation of N.C. Gen.Stat. § 15A-1343(b)(3a).
The report contains the following relevant alleged probation violations:
1. Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, THE DEFENDANT IS NOT REPORTING AS INSTRUCTED OR PROVIDING THE PROBATION OFFICER WITH A VALID ADDRESS AT THIS TIME. THE DEFENDANT IS ALSO LEAVING THE STATE
*201 WITHOUT PERMISSION. DUE TO THE DEFENDANT KNOWINGLY AVOIDING THE PROBATION OFFICER AND NOT MAKING HIS TRUE WHEREABOUTS KNOWN THE DEFENDANT HAS ABSCONDED SUPERVISION."
....
4, "Report as directed by the [c]ourt, [c]ommission or the supervising officer to the officer at reasonable times and places ..." in that THE DEFENDANT FAILED TO REPORT FOR SCHEDULED OFFICE CONTACTS ON MARCH 3, 2014 AT 1500, APRIL 3, 2014 AT 1600, APRIL 8, 2014 AT 4PM AND MAY 8, 2014 AT 1500. THE DEFENDANT FAILED TO BE HOME FOR A SCHEDULED HOME CONTACT ON MAY 27, 2014.
5. Condition of Probation "... obtain prior approval from the officer for, and notify the officer of, any change in address ..." in that ON OR ABOUT APRIL 13, 2014, THE DEFENDANT LEFT HIS RESIDENCE OF 1735 SPRING VALLEY LAKE ROAD, HENDERSON, NC AND HE HAS NOT MADE HIS PROBATION OFFICER AWARE.
....
7. Condition of Probation "Remain within the jurisdiction of the [c]ourt unless granted written permission to leave by the [c]ourt or the probation officer" in that ON OR ABOUT MAY 28, 2014, THE PROBATION OFFICER WAS MADE AWARE THAT THE DEFENDANT HAD BEEN TRAVELING TO NEW JERSEY.
N.C. Gen.Stat. § 15A-1343 sets forth the regular conditions of probation and states in relevant part:
(b) Regular Conditions .-As regular conditions of probation, a defendant must:
(1) Commit no criminal offense in any jurisdiction.
(2) Remain within the jurisdiction of the court unless granted written permission to leave by the court or his probation officer.
(3) Report as directed by the court or his probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit *202 him at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer *744 for, and notify the officer of, any change in address or employment.
(3a) Not abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation.
N.C. Gen.Stat. § 15A-1343 (2013). "Regular conditions of probation apply to each defendant placed on supervised probation unless the presiding judge specifically exempts the defendant from one or more of the conditions in open court and in the judgment of the court." N.C. Gen.Stat. § 15A-1343(b). "The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2). Imprisonment may be imposed pursuant to G.S. 15A-1344(d2) for a violation of a requirement other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a). " N.C. Gen.Stat. § 15A-1344(a) (2013) (emphasis added).
The form for judgment and commitment upon revocation of probation in effect on 28 August 2014 included five sections. The third section had a subsection to indicate which conditions of probation Defendant violated. In its judgment and commitment, the trial court indicated that Defendant had violated all seven conditions included in the report. The fourth section included a box to check if the trial court concluded that "[e]ach violation is, in and of itself, a sufficient basis upon which [the trial court] should revoke probation and activate the suspended sentence." The trial court checked this box. However, only the first alleged violation in the report, absconding, could potentially constitute an offense for which Defendant's probation could be revoked.[1]
Because the alleged violations occurred after 1 December 2011, the trial court was required to check all boxes in section five that applied. Section five of the judgment form stated:
*203 5. (NOTE TO COURT: This finding is required when revoking probation for violations occurring on or after December 1, 2011.) The Court may revoke defendant's probation (check all that apply ):
a. for the willful violation of the condition(s) that he/she not commit any criminal offense. G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above.
b. because the defendant twice previously has been confined in response to violation under G.S. 15A-1344(d2).
There was a box to the left of the "5." that was checked in this case. There were boxes to the left of both "a." and "b." for the trial court to check to indicate whether probation was revoked for either: "a." committing a new criminal offense, N.C. Gen.Stat. § 15A-1343(b)(1), or absconding, N.C. Gen.Stat. § 15A-1343(b)(3a), or for "b.," a violation following two previous confinements pursuant to N.C. Gen.Stat. § 15A-1344(d2). Neither of those boxes were checked and therefore the judgment did not include a specific finding that Defendant violated N.C. Gen.Stat. § 15A-1343(b)(3a), the statutory absconding provision. See State v. Jordan, --- N.C.App. ----, 772 S.E.2d 13 (2015) (unpublished).
At the hearing, the trial court concluded: "The [c]ourt finds [ ] Defendant in willful violation of the terms and conditions of probation, and his probation is revoked and his sentence is activated." The trial court did not indicate which specific violations it was finding, and did not reference N.C. Gen.Stat. § 15A-1343.
The report alleged that "[D]efendant failed to report for scheduled office contacts on March 3, 2014 at 1500, April 3, 2014 at 1600, April 8, 2014 at 4pm and May 8, 2014 at 1500.[D]efendant failed to be home for a scheduled home contact on May 27, 2014." It further alleged that "[o]n or about April 13, 2014, [D]efendant left his residence of *745 1735 Spring Valley Lake Road, Henderson, NC and he has not made his probation officer aware." The report alleged that "[o]n or about May 28, 2014, the probation officer was made aware that [D]efendant had been traveling to New Jersey." Though the report did not specifically allege that Defendant violated any of the provisions of N.C. Gen.Stat. § 15A-1343(b), the allegations track language found in N.C. Gen.Stat. §§ 15A-1343(b)(2) and (3). It is clear that, pursuant to N.C. Gen.Stat. § 15A-1344(a), Defendant's probation could not be revoked for those violations alone. Nolen, 228 N.C.App. at 204, 743 S.E.2d at 730. *204 In support of the first alleged violation, "[n]ot to abscond," the report stated that "[D]efendant is not reporting as instructed or providing the probation officer with a valid address at this time. Defendant is also leaving the state without permission. Due to [D]efendant knowingly avoiding the probation officer and not making his true whereabouts known [D]efendant has absconded supervision." This alleged violation is simply a re-alleging of the above alleged violations related to N.C. Gen.Stat. §§ 15A-1343(b)(2) and (3). "[U]nder these revised provisions, the trial court 'may only revoke probation if the defendant commits a criminal offense or absconds[,]' and may 'impose a ninety-day period of confinement for a probation violation other than committing a criminal offense or absconding.' " Tindall, 227 N.C.App. at 185, 742 S.E.2d at 274 (citation and quotation marks omitted). We do not believe our General Assembly, in amending the probation statutes, intended for violations of N.C. Gen.Stat. §§ 15A-1343(b)(2) and (3) to result in revocation, unless the requirements of N.C. Gen.Stat. § 15A-1344(d2) have been met.
When a defendant under supervision for a felony conviction has violated a condition of probation other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), the court may impose a period of confinement of 90 consecutive days. The court may not revoke probation unless the defendant has previously received a total of two periods of confinement under this subsection. A defendant may receive only two periods of confinement under this subsection.
N.C. Gen.Stat. § 15A-1344(d2) ;[2] Nolen, 228 N.C.App. at 206, 743 S.E.2d at 731 ("Although the probation officer used the term 'absconding' to describe Defendant's non-compliance with the regular condition of probation under N.C. Gen. Stat. § 15A1343(b)(2) (requiring the defendant to '[r]emain within the jurisdiction of the Court unless granted written permission to leave'), the trial court's limited revoking authority under the JRA does not include this section 15A-1343(b)(2) condition."); see also State v. Romero, 228 N.C.App. 348, 350, 745 S.E.2d 364, 366 (2013) ("Under this Act, for probation violations other than those in which a defendant commits a criminal offense or 'abscond[s], by willfully avoiding supervision or by willfully making [his] whereabouts unknown to the supervising probation officer[,]' the trial court may not revoke probation, but instead may impose CRV for a period of 90 days for a *205 felony offender or 'up to 90 days' for a misdemeanor offender."); State v. Johnson, --- N.C.App. ----, ----, 754 S.E.2d 259, 2014 WL 220755, at *1 (2014) (unpublished) ("For all other probation violations, a trial court has authority to alter the conditions of probation or impose a period of CRV, but does not have authority to revoke probation. N.C. Gen.Stat. §§ 15A-1344(a), (d2).").
Although the report alleged that Defendant's actions constituted "abscond[ing] supervision," this wording cannot convert violations of N.C. Gen.Stat. §§ 15A-1343(b)(2) and (3) into a violation of N.C. Gen.Stat. § 15A-1343(b)(3a). In addition, the report did not include reference to N.C. Gen.Stat. § 15A-1343(b)(3a) or any other statutorily prescribed regular conditions of probation. Prior to the amendment of N.C. Gen.Stat. § 15A-1343(b) to include not "absconding" as a regular condition of probation, "abscond" has traditionally been used to refer to other conditions of probation:
*746 Although N.C. Gen.Stat. § 15A-1343(b)(3a) introduced the term "abscond" into our probation statutes for the first time, the term "abscond" has frequently been used when referring to violations of the longstanding statutory probation conditions to "remain within the jurisdiction of the court" or to "report as directed to the officer." Both are regular conditions of probation under N.C. Gen.Stat. § 15A-1343 [.]
State v. Hunnicutt, 226 N.C.App. 348, 355, 740 S.E.2d 906, 911 (2013) (citations omitted); see also Nolen, 228 N.C.App. at 206, 743 S.E.2d at 731 ("Although the probation officer used the term 'absconding' to describe Defendant's non-compliance with the regular condition of probation under N.C. Gen.Stat. § 15A-1343(b)(2) (requiring the defendant to '[r]emain within the jurisdiction of the Court unless granted written permission to leave'), the trial court's limited revoking authority under the JRA does not include this section 15A-1343(b)(2) condition.").
We hold that the evidence in this case does not support finding a violation of N.C. Gen.Stat. § 15A-1343(b)(3a). The evidence was clearly sufficient to find violations of N.C. Gen.Stat. §§ 15A-1343(b)(2) and (3), and Defendant does not contest that portion of the judgment finding he violated those conditions. However, N.C. Gen.Stat. § 15A-1344(a) does not authorize revocation based upon violations of those conditions, unless the requirements of N.C. Gen.Stat. § 15A-1344(a)(d2) have been met, which is not the situation in the case before us. The judgment entered upon revocation of probation is hereby reversed. We remand to *206 the trial court for entry of an appropriate judgment, consistent with the provisions of N.C. Gen.Stat. § 15A-1344, based on the violations found in sections two through seven of the report.
Reversed and remanded.
Judges HUNTER, JR. and DAVIS concur.

The third alleged violation, testing positive for marijuana in February and March of 2014 in violation of the condition not to use or possess illegal drugs, was not presented in the violation report as a violation of N.C. Gen.Stat. § 15A-1343(b)(1). See State v. Tindall, 227 N.C.App. 183, 186-87, 742 S.E.2d 272, 275 (2013) ("although defendant received notice that she violated conditions of her probation, by using illegal drugs and failing to comply with treatment requirements, such violations do not support a revocation of her probation").

N.C. Gen.Stat. § 15A-1344(d2) has been amended in a manner that would not affect our holding. The amendments will apply to persons placed on probation on or after 1 December 2015.