TYSON, Judge.
*140 Jakeco Johnson ("Defendant") appeals from judgment and commitment upon revocation of probation. We vacate the orders revoking Defendant's probation and remand for further proceedings.
I. Background
On 10 December 2014, Defendant appeared before the Catawba County Superior Court and pled guilty, pursuant to an Alford plea, to discharge of a weapon into occupied property and possession of a firearm by a convicted felon. In exchange, the State agreed to dismiss the charge of assault with a deadly weapon with intent to kill.
The court accepted Defendant's plea. On the charge of discharge of a weapon into occupied property, the court sentenced Defendant to 29 to 47 months imprisonment. On the charge of possession of a firearm by a felon, the court sentenced Defendant to 14 to 26 months imprisonment. Both sentences were suspended while Defendant served 36 months of supervised probation. As an additional condition of Defendant's probation, he was ordered to submit to house arrest with electronic monitoring for a period of 120 days.
*23 Defendant's case was assigned to Probation Officer Joshua Benfield ("Officer Benfield"). Over the course of his supervision of Defendant, Officer Benfield filed three violation reports: two on 16 January 2015, and a third on 16 March 2015.
One of the 16 January 2015 Violation Reports alleged Defendant had violated the terms of his probation by: (1) willfully absconding; (2) using, possessing, or controlling a controlled substance; (3) failing to report as directed by his probation officer; and (4) failing to pay court costs. The second 16 January 2015 Violation Report repeated the first three allegations, and additionally alleged: (1) Defendant failed to pay different amounts of court costs; and (2) Defendant left his residence while on house arrest several times spanning five days. The 16 March 2015 Violation Report alleged Defendant had violated one condition of probation: making unauthorized trips to unapproved locations while under house arrest.
A revocation hearing was held 7 May 2015. Officer Benfield testified concerning the factual basis undergirding the two 16 January 2015 and the 16 March Violation Reports. Regarding the allegation asserting Defendant had absconded contained in the two 16 January 2015 Violation Reports, Officer Benfield testified he visited with Defendant at his residence on 12 January 2015 and informed Defendant his first office visit would be the next day.
*141 Officer Benfield testified Defendant told him on 12 January 2015 that he would not report for the office meeting scheduled for the following day. Officer Benfield testified Defendant failed to report to the 9:00 a.m. meeting, despite receiving an "electronic message" ordering him to report.
At the hearing, Defendant testified he told Officer Benfield he did not have a car, would not be able to find a ride to the probation office at 9:00 a.m., and asked if he could meet at a later time. Officer Benfield rejected Defendant's request, and instructed him to arrive on time. At the hearing, Officer Benfield explained probationers do not have a choice regarding attendance at meetings with their probation officers.
During Officer Benfield's testimony, the following colloquy occurred:
[Prosecutor]: Is there anything else regarding [Defendant] and his probation violations?
[Officer Benfield]: None other than the regular condition of-his regular conditions of probation, number five where it says "Not abscond by willfully avoiding supervision or making your whereabouts unknown." I would believe that when he tells the probation officer that he has-he is not coming to probation then that is willfully absconding.
[Prosecutor]: Let me ask you a question regarding that. Is it willfully abscond or have your whereabouts unknown?
[Officer Benfield]: That is correct.
[Prosecutor]: So his willful absconding by not reporting that would be a violation of probation through your training and experience?
[Officer Benfield]: That is correct.
On cross-examination, Officer Benfield admitted the electronic monitoring device Defendant wore transmitted all of Defendant's locations and movements to the officer.
At the close of the revocation hearing, the trial court concluded Defendant's "statement to [Officer Benfield] on [12 January 2015] that he wasn't going to show up" to his scheduled meeting on 13 January 2015 "satisfies the absconding by willfully avoiding supervision" condition of probation. The court thereafter entered judgment and revoked *142 Defendant's probation in each of Defendant's sentences using a preprinted form ("Form AOC-CR-607").
Defendant gave notice of appeal in open court.
II. Issue
Defendant's sole argument is that the trial court erred by revoking his probation and activating his suspended sentences. He argues the State failed to prove a violation of the "absconding provision" of N.C. Gen.Stat. § 15A-1343(b)(3a).
III. Standard of Review
A hearing to revoke a defendant's probationary sentence "only requires that *24 the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Young, 190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and quotation marks omitted). "The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." Id. "Nonetheless, when a trial court's determination relies on statutory interpretation, our review is de novo because those matters of statutory interpretation necessarily present questions of law." Moore v. Proper, 366 N.C. 25, 30, 726 S.E.2d 812, 817 (2012) (citations omitted).
IV. "Absconding Provision" of N.C. Gen.Stat. § 15A-1343(b)(3a)
Conditions of probation are set out in N.C. Gen.Stat. § 15A-1343. N.C. Gen.Stat. § 15A-1343 (2015). Under North Carolina's statutory scheme, sixteen "regular conditions" of probation "apply to each defendant placed on supervised probation" unless specifically exempted by the presiding judge when the sentence is imposed. See N.C. Gen.Stat. §§ 15A-1343(b)(1)-(16). Included in the sixteen regular conditions, as relevant here, a defendant must: (1) "Commit no criminal offense in any jurisdiction;" (2) "Report as directed by the court or his probation officer to the officer at reasonable times and places and in a reasonable manner;" and (3) "Not abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen.Stat. §§ 15A-1343(b)(1), (b)(3), (b)(3a).
In addition to the regular conditions of probation, a trial court imposing community or intermediate punishment, including probation, may impose any of the conditions provided in *143 N.C. Gen.Stat. § 15A-1343(a1). As relevant here, the court also imposed the additional condition of house arrest with electronic monitoring. N.C. Gen.Stat. § 15A-1343(a1)(1).
A. 2011 JRA Statutory Amendments
In 2011, our General Assembly enacted N.C. Sess. Law 2011-192, known as the Justice Reinvestment Act ("JRA"). The JRA was a "part of a national criminal justice reform effort" which, among other changes, "made it more difficult to revoke offenders' probation and send them to prison." Jeff Welty, Article: Overcriminalization in North Carolina, 92 N.C.L. Rev. 1935, 1947 (2014).
Prior to enactment of the JRA, a court could revoke probation and activate the suspended sentence for any violation of the conditions of probation. See, e.g., State v. Tozzi, 84 N.C.App. 517, 521, 353 S.E.2d 250, 253 (1987) ("Any violation of a valid condition of probation is sufficient to revoke defendant's probation."). After enactment of the JRA, however, a court may revoke probation and activate a previously suspended sentence only in the three circumstances provided in N.C. Gen.Stat. § 15A-1344(a). N.C. Gen.Stat. § 15A-1344(a) provides in relevant part:
Authority to Alter or Revoke.-... The court may only revoke probation for a violation of a condition of probation under [N.C. Gen.Stat. § ] 15A-1343(b)(1) or [N.C. Gen.Stat. § ] 15A-1343(b)(3a), except as provided in [N.C. Gen.Stat. § ] 15A-1344(d2). Imprisonment may be imposed pursuant to [N.C. Gen.Stat. § ] 15A-1344(d2) for a violation of a requirement other than [N.C. Gen.Stat. § ] 15A-1343(b)(1) or [N.C. Gen.Stat. § ] 15A-1343(b)(3a).
N.C. Gen.Stat. § 15A-1344(a) (2015).
Defendant argues the trial court could not revoke his probation and activate the suspended sentences on both of the underlying judgments because the findings of fact fail to show Defendant "absconded." We consider each revocation in turn.
B. Revocation in 13 CRS 056075-Possession of a Firearm by a Felon
The Form AOC-CR-607 the trial court used in case 13 CRS 056075 included, inter alia, a "Findings" section. In the "Findings" section, the court found as fact that "the *25 condition(s) violated and the facts of each violation are as set forth ... in paragraph(s) 1-4 of the Violation Report or Notice dated 01/16/2015." The court found Defendant had "willfully and without valid excuse" committed the violations listed in the 16 January 2015 Violation Reports. *144 The court also checked a box on the form indicating it "may revoke [Defendant's] probation ... for the willful violation of the condition(s) that he ... not commit any criminal offense, [N.C. Gen.Stat. § ] 15A-1343(b)(1), or abscond from supervision, [N.C. Gen.Stat. § ] 15A-1343(b)(3a), as set out" in the "Findings" section. Pursuant to the trial court's order revoking probation in case 13 CRS 056075, the findings of fact supporting the trial court's revocation were contained in paragraphs one through four of the 16 January 2015 Violation Reports.
Defendant makes no argument the trial court erred in finding he violated paragraphs two through four of the 16 January 2015 Violation Reports. The violations found in paragraphs two through four could not result in revocation and activation of the suspended sentence, unless the statutorily required process provided by N.C. Gen.Stat. § 15A-1344(d2) has been completed, which is not the case here. N.C. Gen.Stat. §§ 15A-1343(a1)(1) ; 15A-1343(b)(3), (b)(9), (b)(15) ; 15A-1344(a), (d2).
Defendant argues the evidence, statutes, and case law do not support a conclusion that he "absconded" in violation of N.C. Gen.Stat. § 15A-1343(b)(3a). The only finding of fact which asserts Defendant absconded is contained in paragraph one of the 16 January 2015 Violation Reports:
Of the conditions of probation imposed [ ], [Defendant] has willfully violated: ... Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, THE DEFENDANT IS WILLFULLY AVOIDING SUPERVISION BY PROBATION. THE DEFENDANT TOLD PROBATION ON 01-12-2015 THAT HE WOULD NOT REPORT TO THE PROBATION OFFICE FOR HIS MONTH [sic] OFFICE VISIT ON 01-13-2015. THE DEFENDANT FAILED TO REPORT TO PROBATION ON 1-13-15. THEREFORE THE DEFENDANT IS ABSCONDING BY WILLFULLY AVOIDING SUPERVISION.
In State v. Williams, --- N.C.App. ----, 776 S.E.2d 741 (2015), this Court discussed the statutory amendments made by the JRA, which limited a trial court's ability to revoke probation. The Court noted the JRA limited a trial court's authority to revoke probation to only those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates any condition *145 of probation after serving two prior periods of CRV [confinement in response to violations] pursuant to N.C. Gen.Stat. § 15A-1344(d2). Id. at ----, 776 S.E.2d at 742. "[U]nder these revised provisions, the trial court may only revoke probation if the defendant commits a criminal offense or absconds[,] and may impose a ninety-day period of confinement for a probation violation other than committing a criminal offense or absconding." State v. Tindall, 227 N.C.App. 183, 185, 742 S.E.2d 272, 274 (2013) ((citation and internal quotation marks omitted)).
The finding of fact in the trial court's order revoking Defendant's probation in case 13 CRS 056075 alleges Defendant "absconded" when he told the officer he would not report to the probation office and, in fact, did not report to the scheduled office visit the following day. Under this Court's precedents, these actions, while clearly a violation of N.C. Gen.Stat. § 15A-1343(b)(3), are not a commission of a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1), and do not rise to "absconding supervision" in violation of N.C. Gen.Stat. § 15A-1343(b)(3a).
The policy decision on what conduct is sufficient to allow the court to revoke probation and activate a suspended sentence was clearly changed by the General Assembly upon its passage of the JRA in 2011. Compare N.C. Gen.Stat. § 15A-1344(a) (2010) (allowing revocation of probation for a violation of any one or more conditions of probation), *26 with N.C. Gen.Stat. § 15A-1344(a) (2015) (allowing revocation of probation only for a violation of a condition of probation under N.C. Gen.Stat. § 15A-1343(b)(1) or N.C. Gen.Stat. § 15A-1343(b)(3a), except as provided in N.C. Gen.Stat. § 15A-1344(d2) ).
Our Supreme Court has stated "a statute should not be interpreted in a manner which would render any of its words superfluous." State v. Coffey, 336 N.C. 412, 417, 444 S.E.2d 431, 434 (1994) (citations omitted). Instead, "[w]e construe each word of a statute to have meaning, where reasonable and consistent with the entire statute, because it is always presumed that the legislature acted with care and deliberation." Id. at 418, 444 S.E.2d 431, 434 (citation omitted).
Consistent with these principles of interpretation and this Court's controlling precedents in Williams and Tindall, "[w]e do not believe our General Assembly, in amending the probation statutes, intended for [a] violation[ ]" of a condition of probation other than N.C. Gen.Stat. § 15A-1343(b)(1) or N.C. Gen.Stat. § 15A-1343(b)(3a) "to result in revocation, unless the requirements of N.C. Gen.Stat. § 15A-1344(d2) have been met." Williams, --- N.C.App. at ----, 776 S.E.2d at 745.
*146 Under this standard, a defendant informing his probation officer he would not attend an office visit the following day and then subsequently failing to report for the visit, does not, without more, violate N.C. Gen.Stat. § 15A-1343(b)(3a) when these exact actions violate the explicit language of a wholly separate regular condition of probation which does not allow for revocation and activation of a suspended sentence. N.C. Gen.Stat. § 15A-1343(b)(3) ; Williams, --- N.C.App. at ----, 776 S.E.2d at 745.
To hold otherwise would render portions of N.C. Gen.Stat. § 15A-1344(a) superfluous. Allowing actions which explicitly violate a regular or special condition of probation other than those found in N.C. Gen.Stat. § 15A-1343(b)(1) or N.C. Gen.Stat. § 15A-1343(b)(3a) to also serve, without the State showing more, as a violation of N.C. Gen.Stat. § 15A-1343(b)(1) or N.C. Gen.Stat. § 15A-1343(b)(3a) would result in revocation of probation without following the mechanism the General Assembly expressly provided in N.C. Gen.Stat. § 15A-1344(d2). Such a result would render portions of the statutory language in N.C. Gen.Stat. § 15A-1344(a) wholly duplicative and superfluous. Under a contrary interpretation of the statutory language, there would have been no reason for the General Assembly to specifically list any statutes in N.C. Gen.Stat. § 15A-1344(a), or to enact N.C. Gen.Stat. § 15A-1344(d2) to limit the circumstances for which a court may revoke probation and activate a suspended sentence.
In 13 CRS 056075, the trial court found Defendant had absconded by informing Officer Benfield he would not attend an office visit scheduled for the following morning, and thereafter failing to attend the meeting. While Defendant's actions clearly violated the general condition of probation listed in N.C. Gen.Stat. § 15A-1343(b)(3), such actions, without more, do not also allow the trial court to activate Defendant's suspended sentence for violation of N.C. Gen.Stat. § 15A-1343(b)(3a). Defendant's "whereabouts" were never "unknown" by Officer Benfield.
While the positions of the officer and trial court are understandable, we are bound by our precedents. Williams, --- N.C.App. at ----, 776 S.E.2d at 745 ; Tindall, 227 N.C.App. at 185, 742 S.E.2d at 274. The statute does not allow the trial court to revoke Defendant's probation and activate the suspended sentence on the bases cited in the judgment and order. Based upon the statute's text, well-settled methods of statutory construction, and this Court's precedents in Williams and Tindall, we vacate the trial court's revocation of probation and activation of Defendant's suspended sentence in case 13 CRS 056075.
*147 C. Revocation in 13 CRS 056074-Discharge of a Weapon into Occupied Property
The "Findings" section of Form AOC-CR-607 in case 13 CRS 056074 states the court found as fact that "the condition(s) violated and the facts of each violation are as set forth ... in Paragraph[ ] 1 of the Violation Report or Notice dated 03/16/2015."
*27 The court found Defendant had committed these violations "willfully and without valid excuse." As in case 13 CRS 056075, the court in case 13 CRS 056074 also checked a box indicating it "may revoke [Defendant's] probation ... for the willful violation of the condition(s) that he ... not commit any criminal offense, [N.C. Gen.Stat. § ] 15A-1343(b)(1), or abscond from supervision, [N.C. Gen.Stat. § ] 15A-1343(b)(3a), as set out above." Pursuant to the trial court's order revoking probation in case 13 CRS 056074, the sole finding of fact supporting the trial court's revocation was contained in paragraph one of the 16 March 2015 Violation Report.
Paragraph one of the 16 March 2015 Violation Report states Defendant "willfully violated" the condition of probation that he "[b]e assigned to the Electronic House Arrest/Electronic Monitoring program for the specified period and obey all rules and regulations of the program until discharge ..." in that Defendant went to a grocery store, a park, and an apartment complex before returning to his "home zone" after leaving his attorney's office on 16 February 2015. Paragraph one of the 16 March 2015 Violation Report also stated Defendant went to two stores and an apartment complex after leaving the probation office on 3 March 2015. The 16 March 2015 Violation Report indicates all of these trips were "unapproved leaves" from Defendant's house arrest "and are all violations of electronic house arrest."
While these unauthorized trips clearly violate the special condition of probation of house arrest with electronic monitoring, they do not constitute either the commission of a new crime, in violation of N.C. Gen.Stat. § 15A-1343(b)(1), or absconding supervision, in violation of N.C. Gen.Stat. § 15A-1343(b)(3a). Defendant did not "abscond by willfully avoiding supervision" by making his whereabouts unknown during these trips. N.C. Gen.Stat. § 15A-1343(b)(3a). Officer Benfield testified he was able to monitor and keep continuous track of Defendant's locations and movements through the use of the electronic monitoring device Defendant wore.
The trial court adopted the 16 March 2015 Violation Report as its findings of fact. In doing so, the trial court found Defendant had violated the house arrest condition of his probation. The General Assembly, in *148 enacting the JRA, did not intend to or explicitly include a violation of the rules and conditions of house arrest to serve, without more, as a violation of N.C. Gen.Stat. § 15A-1343(b)(3a). See Williams, --- N.C.App. at ----, 776 S.E.2d at 745.
The trial court found Defendant "willfully and without valid excuse" committed the violations as set forth in paragraph one of the 16 March 2015 Violation Report. Paragraph one of the 16 March 2015 Violation Report did not state Defendant had committed a new crime, and it did not state Defendant had willfully absconded. N.C. Gen.Stat. §§ 15A-1343(b)(1), (b)(3a).
N.C. Gen.Stat. § 15A-1344(a) does not authorize revocation based upon violations of the rules and regulations of the electronic house arrest program unless the requirements of N.C. Gen.Stat. § 15A-1344(d2) have been met. Under a faithful reading of the statute and our precedents, neither of the permissible bases for probation revocation has been shown by the evidence presented.
The statute does not allow the trial court to revoke Defendant's probation and activate his suspended sentences based upon the findings of facts listed in the judgment and commitment order. Based upon the current language of the statute and this Court's precedents, we vacate the trial court's revocation of probation and activation of Defendant's suspended sentence in case number 13 CRS 056074.
V. Conclusion
As currently written, N.C. Gen.Stat. § 15A-1344(a) does not permit the trial court to revoke Defendant's probation and activate his suspended sentences on the grounds set forth in its orders. Actions which violate N.C. Gen.Stat. § 15A-1343(b)(3) or N.C. Gen.Stat. § 15A-1343(a1)(1), without the State showing more, may not also serve as violations of N.C. Gen.Stat. § 15A-1343(b)(3a). See Williams, --- N.C.App. at ----, 776 S.E.2d at 745.
The interpretation advanced by the State would render portions of *28 N.C. Gen.Stat. § 15A-1344(a) superfluous. Applying the statute as written and this Court's binding precedents, the judgment and commitment in 13 CRS 056074 and 13 CRS 056075 are vacated. This case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Judges CALABRIA and DAVIS concur.