ZACHARY, Judge.
Defendant William Donielle Brown appeals from judgments revoking his probation and activating his suspended sentences. After careful review, we affirm, but remand for correction of clerical errors. We dismiss without prejudice defendant's ineffective assistance of counsel claim.
I. Factual and Procedural Background
On 15 September 2014, following the trial court's order declaring a mistrial, defendant pleaded guilty to two counts of attempted common law robbery and one count of assault with a deadly weapon. Defendant was sentenced to two terms of 10-21 months' imprisonment, with the second term to begin at the expiration of the first. The trial court suspended both sentences and placed defendant on 24 months' supervised probation. Four probation violation reports were filed against defendant within the first year of his probation. Two reports-one for his attempted common law robbery convictions and an identical report for his assault with a deadly weapon conviction-were filed by Officer Chad Hensley on 29 May 2015. Two more reports-one for his attempted common law robbery convictions and another for his assault with a deadly weapon conviction-were filed by Officer Douglas Olson on 1 October 2015. Defendant was assigned to his third probation officer, Officer Lacey McKinney, on 11 December 2015.
Officer McKinney first spoke with defendant during one of his scheduled court appearances on 18 March 2016. Defendant and Officer McKinney met for the second time at the probation office on 23 March 2016. On 30 March 2016, Officer McKinney met with defendant at his residence on Bingham Road, at which time defendant had a court appearance scheduled for the following day. That court date was carried over until the next day, 1 April 2016. Defendant did not appear at his 1 April 2016 court date, and did not thereafter contact Officer McKinney as instructed.
On 12 May 2016, Officer McKinney tried to locate defendant at his Bingham Road address. Officer McKinney did not receive an answer at the door and left a notification tag instructing defendant to contact her. On 13 May 2016, Officer McKinney called the number she had on record for defendant and spoke with a woman who identified herself as defendant's ex-girlfriend. The woman told Officer McKinney that she did not know where defendant was, and that he no longer lived at the Bingham Road address. Officer McKinney did not hear from defendant for the next eight months, until he was arrested on 3 January 2017. On 13 May 2016, Officer McKinney filed two probation violation reports against defendant for absconding supervision.
Defendant's probation violation reports alleged that,
[o]f the conditions of probation imposed in th[e] judgment, the defendant has willfully violated:
1. Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, on 04-01-16, THE DEFENDANT FAILED TO APPEAR IN BUNCOMBE COUNTY SUPERIOR COURT. AFTER NUMEROUS ATTEMPTS TO CONTACT THE DEFENDANT, INCLUDING THE LAST KNOWN ADDRESS ..., THE DEFENDANT HAS FAILED TO MAKE HIMSELF AVAILABLE FOR SUPERVISION AS INSTRUCTED BY THE PROBATION OFFICER BY WILLFULLY AVOIDING SUPERVISION, THEREBY ABSCONDING. AS OF THE DATE OF THIS REPORT, THE DEFENDANT'S WHEREABOUTS ARE UNKNOWN AND ALL EFFORTS TO LOCATE THE DEFENDANT HAVE BEEN UNSUCCESSFUL. THE PROBATION OFFICER HAS HAD NO CONTACT WITH THE DEFENDANT SINCE 03-31-16.
Defendant argued at his probation revocation hearing that his actions did not constitute absconding as defined in N.C. Gen. Stat. § 15A-1343(b)(3a). On 19 January 2017, the trial court found that defendant violated the terms and conditions of his probation by absconding supervision. The trial court revoked defendant's probation and activated his original sentence. Defendant gave oral notice of appeal in open court.
On appeal, defendant argues (1) that the trial court erred by finding that he absconded supervision, (2) that he was potentially deprived of his right to effective assistance of counsel at his probation revocation hearing, and (3) that the record contains several non-prejudicial clerical errors.
II. Probation Revocation
Defendant first argues that the record lacks competent evidence to support the trial court's finding that he absconded supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a).
A. Standard of Review
In a probation revocation proceeding,
[a]ll that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.
State v. Tennant , 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (citations and quotation marks omitted). An abuse of discretion exists "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Campbell , 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005), cert. denied , 547 U.S. 1073, 164 L. Ed. 2d 523 (2006) (citation and quotation marks omitted).
B. Discussion
Defendants placed on supervised probation are subject to eighteen "regular conditions of probation" pursuant to N.C. Gen. Stat. § 15A-1343(b)(1)-(18) (2016). However, "[i]n 2011, our General Assembly enacted N.C. Sess. Law 2011-192, known as the Justice Reinvestment Act ("JRA") ... which, among other changes, made it more difficult to revoke offenders' probation and send them to prison." State v. Johnson , --- N.C. App. ----, ----, 783 S.E.2d 21, 24 (2016) (citation and quotation marks omitted). Since 2011, while the statutes provide eighteen regular conditions of probation, pursuant to N.C. Gen. Stat. § 15A-1344(a) (2016) a "court may only revoke probation for a violation of" one of three conditions:
[T]he JRA limit[s] a trial court's authority to revoke probation to only those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of ... confinement in response to violations ... pursuant to N.C. Gen. Stat. § 15A-1344(d2).
Id. at ----, 783 S.E.2d at 25 (citation omitted) (emphasis omitted).
Absconding is defined as either (1) "willfully avoiding supervision," or (2) "willfully making the defendant's whereabouts unknown to the supervising probation officer[.]" N.C. Gen. Stat. § 15A-1343(b)(3a) (2016). A similar provision, N.C. Gen. Stat. § 15A-1343(b)(3), requires a defendant to "[r]eport as directed by the court or his probation officer to the officer ... and obtain prior approval from the officer for, and notify the officer of, any change in address or employment." N.C. Gen. Stat. § 15A-1343(b)(3) (2016). However, a defendant's failure to report to the assigned probation officer in violation of N.C. Gen. Stat. § 15A-1343(b)(3)"does not, without more," constitute a violation under N.C. Gen. Stat. § 15A-1343(b)(3a) for absconding supervision. Johnson , --- N.C. App. at ----, 783 S.E.2d at 26.
In Johnson ,
the trial court found [the] [d]efendant had absconded by informing Officer Benfield he would not attend an office visit scheduled for the following morning, and thereafter failing to attend the meeting. While [the] [d]efendant's actions clearly violated the general condition of probation listed in N.C. Gen. Stat. § 15A-1343(b)(3), such actions, without more, [did] not also allow the trial court to activate [the] [d]efendant's suspended sentence for violation of N.C. Gen. Stat. § 15A-1343(b)(3a). [The] [d]efendant's "whereabouts" were never "unknown" by Officer Benfield.
Id. In other words, the trial court cannot "revoke a defendant's probation for a probation violation, unless that violation is committing a new crime or absconding, or unless the violation follows two prior periods of confinement in response to violations[.]" State v. Williams , 243 N.C. App. 198, 200, 776 S.E.2d 741, 743 (2015) (citation omitted).
In the present case, the trial court could only revoke defendant's probation if it found that he absconded supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). The trial court so found, but defendant argues that this finding was not supported by competent evidence. Specifically, defendant contends that "the State presented no competent evidence that [defendant] willfully avoided supervision or made his whereabouts unknown to [Officer] McKinney[.]" We disagree.
Defendant first argues that he cannot be found to have absconded supervision because Officer McKinney "failed to conduct the type of absconding investigation required by the N.C. Department of Public Safety." Under that policy, probation officers must follow six steps before declaring an offender to be an absconder, including looking for the offender at his residence "in both the daytime and in the evening," and checking with the landlord, property manager, and neighbors to see if they have information on the offender's whereabouts.[1] However, the issue before us is not whether Officer McKinney completed all of the appropriate steps to locate defendant, but rather whether defendant's conduct constituted absconding as defined by N.C. Gen. Stat. § 15A-1343(b)(3a).
At the end of defendant's probation revocation hearing, the trial court recited the following findings:
That the Court would find that [defendant] has changed his address numerous times and specifically changed his address without advising probation officers of his change in address or his then whereabouts. That [defendant] was arrested in February of 2016. Subsequently bonded out where he met with Probation Officer McKinney at the probation office on March 23rd, 2016. That at that meeting she verified what [defendant] alleged to be his current address as of the date of that meeting[.] That ... [the] probation officer followed up by a meeting at his residence on March 30th, 2016. That being the Bingham Road apartment.
That the Defendant had a court date ... to address the outstanding probation violation on March 31st of 2016. He initially appeared. Case rolled to the next day, that being April 1st[.] That he failed to appear at that time. He was called and failed and an order for arrest was processed and he failed to appear.
That the probation officer thereafter attempted to establish or re-establish contact with [defendant] using information in part that he had provided at the recent meeting. That she called the number that she had available multiple times without contact. That she subsequently spoke with a friend or girlfriend of [defendant] who indicated that he was no longer living at that specific address. And that she did not know where he was living, that they had broken up. The probation officer went to the residence that [defendant] had provided for a home visit on May 12th, 2016.... That [defendant] was not present at the time of that visit. The probation officer did knock on the door. Finding no one present, she left a notification tag on the residence. That she did not, thereafter, receive any contact from [defendant].
That the probation officer thereafter checked ... the jail list to make sure that Defendant was not incarcerated as well as checked the local hospitals to make sure that he was not present there. That she thereafter had no contact with [defendant]. [Defendant] having made no effort to establish contact. Although he was aware of his probation and that it was likely that probation was attempting to locate him until he was arrested on January the 3rd of [2017]. That this is when the next contact occurred with the probation officer.
The Court-based upon the evidence present, the Court is reasonabl[y] satisfied that the evidence before the Court constitutes, and the Court concludes that it constitutes absconding under North Carolina General Statute 15A-1343 [ (b)(3a) ]. ...
Not only did defendant fail to report to Officer McKinney as directed and to notify her that his address had changed, but he failed to contact her in any manner for nine months after failing to appear in court on 1 April 2016. As a result, for a period of nine months, defendant's whereabouts were entirely unknown to Officer McKinney. See Johnson , --- N.C. App. at ----, 783 S.E.2d at 27 (where the defendant's supervising officer "was able to monitor and keep continuous track of [the] [d]efendant's locations and movements" during the period in question, the defendant's whereabouts were not unknown, and the defendant did not abscond probation). Defendant admitted at his revocation hearing that he knew that he was "required to keep up with probation, talk to [his] probation officer[,]" and to notify probation if he moved. When asked whether he knew that his probation officer was trying to get in touch with him, defendant responded, "Not really but probably." Taken together, this is competent evidence to support the trial court's finding that defendant acted willfully in avoiding his supervision and in making his whereabouts unknown to Officer McKinney. Moreover, this finding is not so "manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." Campbell , 359 N.C. at 673, 617 S.E.2d at 19 (citation and quotation marks omitted). Accordingly, we affirm the trial court's 19 January 2017 judgments revoking defendant's probation and activating his suspended sentences pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a) for absconding supervision.
III. Ineffective Assistance of Counsel
Defendant next argues that he was "potentially" deprived of his right to effective assistance of counsel at his probation revocation hearing.
While the trial court was rendering its oral findings, an unidentified woman in the audience abruptly interrupted the judge. Defendant's trial counsel informed the trial court that "apparently there was a hospitalization in April as well that prevented some further contact." It appears that no further inquiry was made into the matter, and the trial court did not alter its findings in order to reflect this information. Defendant argues that his trial counsel's failure to investigate the possibility that defendant was hospitalized at some point while absent may have prevented defendant from establishing that he did not "willfully" avoid supervision or make his whereabouts unknown. However, defendant maintains that the factual record on this issue is not yet "sufficiently developed to present for appellate review on the merits." Accordingly, defendant requests that this Court "dismiss the issue without prejudice to his right to raise an ineffective assistance of counsel claim in a motion for appropriate relief."
To establish ineffective assistance of counsel, the defendant must demonstrate that "his counsel's conduct fell below an objective standard of reasonableness." State v. Braswell , 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985).
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
Id. at 562, 324 S.E.2d at 248 (quoting Strickland v. Washington , 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984) ) (emphasis omitted).
Regarding the first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland , 466 U.S. at 689, 80 L. Ed. 2d at 694-95. Clearly an attorney representing a criminal defendant has a duty to "investigate the client's case[.]" State v. Dockery , 78 N.C. App. 190, 191, 336 S.E.2d 719, 721 (1985). Nonetheless,
strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
Strickland , 466 U.S. at 690-91, 80 L. Ed. 2d at 695 ; Braswell , 312 N.C. at 562-63, 324 S.E.2d at 248 ("[W]e expressly adopt the test set out in Strickland v. Washington as a uniform standard to be applied to measure ineffective assistance of counsel under the North Carolina Constitution.").
Claims of ineffective assistance of counsel "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e. , claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Long , 354 N.C. 534, 539-40, 557 S.E.2d 89, 93 (2011) (citation and quotation marks omitted). However, "should the reviewing court determine that [ineffective assistance of counsel] claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [motion for appropriate relief] proceeding." Id. at 540, 557 S.E.2d at 93 (citation and quotation marks omitted).
In the present case, we agree with defendant that further investigation is appropriate in order to determine whether defendant's trial counsel conducted a reasonable investigation under the circumstances, or made a reasonable decision not to do so. The record indicates only that "apparently there was a hospitalization in April as well that prevented some further contact." The record does not reveal when trial counsel became aware of this information, or whether there was an extended hospitalization that could have established a lack of willfulness in defendant's violations. We are thus unable to determine from the record whether trial counsel's decision not to conduct any further investigation into defendant's hospitalization was the result of sound trial strategy, or whether defendant's revocation proceeding was one "whose result is reliable." Braswell , 312 N.C. at 562, 324 S.E.2d at 248 (citation and quotation marks omitted) (emphasis omitted). Accordingly, we dismiss defendant's claim of ineffective assistance of counsel without prejudice to defendant's right to file a motion for appropriate relief. State v. Stroud , 147 N.C. App. 549, 556, 557 S.E.2d 544, 548 (2001) ("As both of [the defendant's] arguments concern potential questions of trial strategy and counsel's impressions, an evidentiary hearing available through a motion for appropriate relief is the procedure to conclusively determine these issues.").
IV. Clerical Errors
Lastly, defendant asserts that his original judgments of conviction and his 19 January 2017 judgments revoking his probation contain non-prejudicial clerical errors.
First, the judgments of conviction entered pursuant to defendant's guilty pleas to two counts of attempted common law robbery and one count of assault with a deadly weapon, Case Nos. 13 CRS 56552-54, incorrectly list the dates entered as 31 July 2014. This, however, is the date that the trial court entered its order declaring a mistrial. There is no dispute that these judgments were in fact entered on 15 September 2014. Accordingly, we remand for correction of those clerical errors.
In addition, the judgments entered on 19 January 2017 revoking defendant's probation state that defendant "waived a violation hearing and admitted that [he] violated each of the conditions of [his] probation as set forth below." [Rpp 73, 75] It is clear from the record and the trial court's oral findings, however, that defendant denied the probation violation and that a hearing was held on the matter on 19 January 2017, at which defendant presented evidence. Accordingly, we remand for correction of these clerical errors as well.
V. Conclusion
For the reasons explained above, the trial court's judgments revoking defendant's probation are affirmed, defendant's claim of ineffective assistance of counsel is dismissed without prejudice, and the case is remanded for the sole purpose of correcting the non-prejudicial clerical errors.
AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED.
Report per Rule 30(e).
Judges STROUD and ARROWOOD concur.

State of North Carolina, Dept. of Public Safety, Division of Adult Correction, Section of Community Corrections, Policies and Procedures Manual (2015) § D.0503 "Absconder Investigation."