MURPHY, Judge, dissenting.
*119 I respectfully dissent from the Majority's determination that the trial court lacked jurisdiction to revoke Defendant's probation and the mandate to vacate the judgment revoking Defendant's probation.
Abuse of Discretion
As an initial matter, the trial court did not abuse its discretion by revoking Defendant's probation.
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.
State v. Young , 190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and quotation marks omitted). "[O]nce the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." State v. Trent , --- N.C.App. ----, ----, 803 S.E.2d 224, 227 (2017) (citation and quotation marks omitted).
We review the trial court's decision to revoke a defendant's probation for abuse of discretion. State v. Miller , 205 N.C.App. 291, 293, 695 S.E.2d 149, 150 (2010) (citation omitted). "Abuse of discretion occurs when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." Trent , --- N.C.App. at ----, 803 S.E.2d at 227 (citation and quotation marks omitted).
Here, Defendant argues the State's evidence was insufficient to support the conclusion that he violated N.C.G.S. § 15A-1343(b)(3a) (2015). Under this statute, as a regular condition of probation, a defendant must "[n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C.G.S. § 15A-1343 (b)(3a). As the Majority explains, citing to State v. Williams , 243 N.C.App. 198, 205, 776 S.E.2d 741, 745 (2015) and State v. Johnson , 246 N.C.App. 139, 145, 783 S.E.2d 21, 26 (2016), our case law has made it clear that violations of §§ 15A-1343(b)(2) and (3) are insufficient to establish the revocable *834 violation of absconding under § 15A-1343(b)(3a). *120 N.C.G.S. § 15A-1343(b)(3) requires, as a regular condition of probation, that a defendant:
[r]eport as directed by the court or his probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit him at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment.
In Williams , we held the evidence presented at the probation hearing was insufficient to support a finding of willful absconding where, without more, the evidence showed a defendant failed to show up to meetings and had been outside the state without permission, although he had been communicating with the probation officer via phone. Williams , 243 N.C.App. at 198-99, 776 S.E.2d at 742. In Johnson , emphasizing the defendant's whereabouts were never "unknown" because defendant was on electronic monitoring, we held that a defendant who informed his probation officer he would not attend an office visit, and then subsequently failed to report to that meeting does not, without more, violate (b)(3a) when those same actions violate (b)(3). Johnson , 246 N.C.App. at 145-47, 783 S.E.2d at 26-27.
Here, in concluding it is bound by Williams and Johnson to determine that the evidence in the instant case only evidences a violation of (b)(3), and does not constitute a violation of (b)(3a), the Majority overlooks key facts that distinguish this case. Unlike Williams and Johnson , the evidence showed that Defendant's "whereabouts were unknown for two months[,]" and during that time Defendant did not communicate with the probation officer. Therefore, this case is more like State v. Trent , --- N.C.App. ----, 803 S.E.2d 224 (2017), where we distinguished Williams and Johnson , determining a trial court did not abuse its discretion by finding a defendant violated (b)(3a) because the probation officer "did not have the benefit of tracking defendant's movements" as in Johnson and had "absolutely no means of contacting defendant" unlike in Williams. Trent , --- N.C.App. at ----, 803 S.E.2d at 231 (internal citations omitted); see also State v. Hurley , --- N.C.App. ----, 805 S.E.2d 563, slip op. at 6-7, 2017 WL 4638192 (October 17, 2017) (unpublished) (explaining how Trent distinguished Williams and Johnson ). While Defendant provided self-serving testimony at the revocation hearing, the trial court was in the proper position to weigh and reject any or all of Defendant's self-serving testimony. The Majority takes into account the State's failure to cross-examine or attempt impeachment of Defendant, however, the demeanor of the witness on the stand is always in evidence.
*121 State v. Mullis , 233 N.C. 542, 544, 64 S.E.2d 656, 657 (1951). There is no requirement that the State attempt to cross-examine or impeach the Defendant and disregard of the Defendant's testimony does not demonstrate an abuse of discretion. Therefore, the record does not support a conclusion that the trial court abused its discretion in ruling that Defendant had absconded on probation. As in Trent , through the exercise of logic and reason, the trial court could have considered Defendant was not in contact with his probation officer for two months, his whereabouts were unknown, and he was not subject to the supervision of the State. Our decision is not controlled by Williams and Johnson and it was within the trial court's discretion to find that Defendant violated N.C.G.S. § 15A-1343(b)(3a).
Jurisdiction
While the Majority's holding rests on Williams and Johnson , it also raises an additional jurisdictional issue, stating that the trial court lacked jurisdiction to revoke Defendant's probation because the violation hearing was conducted after the Defendant's case expired. We review de novo whether a trial court had subject matter jurisdiction to revoke a defendant's probation. State v. Satanek , 190 N.C.App. 653, 656, 660 S.E.2d 623, 625 (2008) (citation omitted).
Pursuant to N.C.G.S. § 15A-1344(f) (2015), a trial court may extend, modify, or revoke a defendant's probation after the expiration of the probationary term only if several conditions are met, including findings by the trial court that prior to the expiration of the probation period a probation violation *835 had occurred and a written probation violation report had been filed. Also the trial court must find good cause for the extension, modification, or revocation.
State v. Moore , 240 N.C.App. 461, 463, 771 S.E.2d 766, 767 (2015) (alterations omitted) (citing N.C.G.S. § 15A-1344(f) ). As the Majority notes, Defendant's hearing took place after the expiration of his probationary term. However, the written violation reports were filed prior to the expiration of the probation period, and the trial court found that a probation violation occurred prior to the expiration of the probationary period. Moreover, the trial court found good cause for the revocation. Thus, the fact that the hearing took place after the expiration of the probationary period did not deprive the trial court of jurisdiction.
Mandate
Finally, assuming arguendo that the State failed to present sufficient evidence of Defendant's absconding probation, the proper mandate is *122 not to Vacate the judgment of the trial court, but to Reverse and Remand as we did in Williams . Williams , 243 N.C.App. at 206, 776 S.E.2d at 746. Here, the trial court found Defendant violated the terms and conditions of his probation as alleged in "[p]aragraph(s) 1-6 of the Violation Report ... dated [21 December 2015]". At a minimum, it is proper to allow the trial judge the opportunity to enter an appropriate judgment based on the remaining violations.
Conclusion
Under these facts, we are not bound by Williams and Johnson , and the timing of the hearing does not present a jurisdictional bar. The trial court did not abuse its discretion in finding that Defendant violated N.C.G.S. § 15A-1343(b)(3a) or in revoking his probation. I respectfully dissent.