ARROWOOD, Judge.
 

 *134
 
 Kella Melton ("defendant") appeals from judgments revoking her probation and activating her suspended sentences. On appeal, defendant argues that the trial court abused its discretion in revoking her probation. For the reasons stated herein, we reverse the trial court's judgments.
 

 I.
 
 Background
 

 On 14 July 2015 in Rutherford County Superior Court, defendant was given a suspended sentence based on a conviction for possession of methamphetamine and simple possession of a Class IV controlled substance in case number 14 CR 53301. This sentence was modified to an active sentence on 18 December 2015.
 

 *135
 
 On 31 May 2016 in Rutherford County Superior Court, defendant pleaded no contest to identity theft, four counts of obtaining property by false pretenses, and three counts of uttering a forged endorsement in case numbers 15 CRS 52149, 52446-48, and 16 CRS 344. The trial court sentenced defendant to consecutive sentences of 13 to 25 months, 7 to 18 months, and 7 to 18 months, but suspended the sentences and placed defendant on 30 months of supervised probation.
 

 On 4 November 2016, defendant's probation officer, Officer Tiffany Nelson, swore out probation violation reports, relating to defendant's probation for 14 CR 53301, 15 CRS 52149, 52446-48, and 16 CRS 344, alleging that, on or about 2 November 2016, defendant willfully violated her probation by absconding in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) (2017), failing to report to
 
 *680
 
 her supervising officer as directed in violation of § 15A-1343(b)(3), and being in arrears towards her court indebtedness in violation of § 15A-1343(b)(9). As a result of the violation reports, defendant was arrested on 9 December 2016. Defendant did not meet with Officer Nelson again until 17 January 2017.
 

 The matter came on for hearing on 8 February 2017. At the hearing, Officer Nelson testified that defendant failed to report for scheduled meetings with her on 2 August 2016, 4 October 2016, 12 October 2016, 28 October 2016, and 2 November 2016. Prior to defendant's failure to attend the 28 October and 2 November 2016 meetings, defendant met with Officer Nelson on 26 October 2016.
 
 [1]
 
 Officer Nelson testified that, when defendant failed to appear for the 2 November 2016 meeting, she attempted to contact defendant numerous times by phone and by visiting defendant's address. Defendant's phone was disconnected, and she was not present at the address. Officer Nelson also called and left messages with defendant's parents, asking for defendant to call her. On cross-examination, however, she was unable to identify with any specificity when she made the contacts, and she testified she did not have written record of these contacts with her at the hearing. At the close of the State's evidence, defendant moved to dismiss for insufficient evidence of absconding. The motion was denied. Defendant offered evidence through defendant's testimony.
 

 At the close of all evidence, the trial court found that defendant violated her probation by absconding, failing to report to her scheduled
 
 *136
 
 appointments with her probation officer, and failing to adequately pay the funds due on her probation. The trial court also found that each violation in and of itself was a sufficient basis upon which to revoke probation. Defendant's probation was revoked, and the trial court activated her sentences in 14 CR 53301, 15 CRS 52149, 52446-48, and 16 CRS 344.
 

 On 10 February 2017, defendant gave notice of appeal. Subsequently, on 2 March 2017, the trial court issued an order stating that probation was revoked in error with regard to case number 14 CR 53301 because the sentence in that case had previously been modified to an active sentence on 18 December 2015. Therefore, only the probation revocations involving 15 CRS 52149, 52446-48, and 16 CRS 344 are at issue in this appeal.
 

 II.
 
 Discussion
 

 Defendant argues that the trial court abused its discretion by revoking her probation because there was insufficient evidence to support a finding that she absconded under N.C. Gen. Stat. § 15A-1343(b)(3a) as alleged by the violation reports. We agree.
 

 A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.
 

 State v. Young
 
 ,
 
 190 N.C. App. 458
 
 , 459,
 
 660 S.E.2d 574
 
 , 576 (2008) (citation and quotation marks omitted). When the State presents "competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms."
 
 State v. Talbert
 
 ,
 
 221 N.C. App. 650
 
 , 652,
 
 727 S.E.2d 908
 
 , 910-11 (2012) (citation and quotation marks omitted).
 

 We review a trial court's decision to revoke a defendant's probation for abuse of discretion.
 
 State v. Miller
 
 ,
 
 205 N.C. App. 291
 
 , 293,
 
 695 S.E.2d 149
 
 , 150 (2010) (citation omitted). A trial court abuses its discretion "when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Murchison
 
 ,
 
 367 N.C. 461
 
 , 464,
 
 758 S.E.2d 356
 
 , 358 (2014) (citation and quotation marks omitted).
 

 A trial court may only revoke a defendant's probation in circumstances where the
 
 *681
 
 defendant: (1) commits a new criminal offense, in
 
 *137
 
 violation of N.C. Gen. Stat. § 15A-1343(b)(1), (2) absconds by willfully avoiding supervision or by willfully making her whereabouts unknown to the supervising probation officer, in violation of § 15A-1343(b)(3a), or (3) violates any condition of probation after previously serving two periods of confinement in response to violations, pursuant to § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a) (2017).
 

 We first consider defendant's argument that the trial court erred by making an oral finding that defendant absconded from 2 November 2016 until she was arrested on 9 December 2016, instead of limiting its consideration of the evidence to the dates alleged in the violation reports. Specifically, defendant claims that considering evidence up until her arrest was in error because the violation reports only specifically allege that defendant absconded from "on or about" 2 November 2016 to the date the reports were filed, 4 November 2016. We agree.
 

 In order to provide a defendant with notice of the allegations against him, as required by N.C. Gen. Stat. § 15A-1345(e), probation violation reports must contain a statement of the specific violations alleged.
 
 See
 

 State v. Moore
 
 , --- N.C. ----, ----,
 
 807 S.E.2d 550
 
 , 555 (2017) (quoting
 
 State v. Hubbard
 
 ,
 
 198 N.C. App. 154
 
 , 159,
 
 678 S.E.2d 390
 
 , 394 (2009) ). However, we note that, after making the contested oral finding, the trial judge entered written judgments finding defendant violated her probation by absconding from supervision, as alleged in the violation reports, which the judgments incorporated by reference. Because the written findings are more favorable to defendant than those announced from the bench, we consider the written judgments as reflective of the trial court's will.
 
 See
 

 State v. Morston
 
 ,
 
 336 N.C. 381
 
 , 410,
 
 445 S.E.2d 1
 
 , 17 (1994).
 

 Therefore, we review for whether there was sufficient evidence to support a finding that defendant absconded in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) based on the dates alleged in the violation reports-on or about 2 November to 4 November 2016. For the reasons that follow, the evidence was insufficient to support such a finding.
 

 Prior to our Legislature's enactment of the Justice Reinvestment Act of 2011 ("JRA"), the term "abscond" was not defined by statute.
 
 State v. Williams
 
 ,
 
 243 N.C. App. 198
 
 , 205,
 
 776 S.E.2d 741
 
 , 746 (2015) (citations omitted). Instead, our case law used the term to refer to instances where a defendant failed to remain in the court's jurisdiction or failed to report to a probation officer as directed.
 
 See, e.g.
 
 ,
 
 State v. Hunnicutt
 
 ,
 
 226 N.C. App. 348
 
 , 355,
 
 740 S.E.2d 906
 
 , 911 (2013). Presently, "abscond" is defined by statute, and a defendant on supervised probation only absconds when he "willfully avoid[s] supervision" or "willfully mak[es]
 

 *138
 
 [his] whereabouts unknown to [his] supervising probation officer[.]" N.C. Gen. Stat. § 15A-1343(b)(3a). This change was in line with the JRA's purpose to be "part of a national criminal justice reform effort" which, among other changes, "made it more difficult to revoke offenders' probation and send them to prison."
 
 State v. Johnson
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 21
 
 , 26 (2016). Under the statutory definition set out in § 15A-1343(b)(3a), we have held that a defendant absconds when he willfully makes his whereabouts unknown to his probation officer, and the probation officer is unable to contact the defendant.
 
 See
 

 State v. Trent
 
 , --- N.C. App. ----, ----,
 
 803 S.E.2d 224
 
 , 232,
 
 temporary stay allowed
 
 , --- N.C. ----,
 
 802 S.E.2d 725
 
 (2017).
 

 Here, the State presented evidence of the alleged violations through Officer Nelson's testimony. Officer Nelson testified that defendant absconded a week after the 26 October 2016 meeting because she failed to attend the 28 October and 2 November meetings, and did not contact Officer Nelson thereafter, even though the officer attempted to call and visit defendant multiple times over the course of two days, and called and left messages with defendant's parents for defendant to call her. However, on cross-examination, Officer Nelson could not support her testimony with records:
 

 Q: You made how many phone calls trying to find her?
 

 [Officer Nelson]: Numerous.
 

 Q: One, two, three, four?
 

 [Officer Nelson]: More than four.
 

 *682
 
 Q: You went back to the residence, correct?
 

 [Officer Nelson]: Yes.
 

 Q: What times and dates?
 

 *139
 
 [Officer Nelson]: I don't have that information with me.
 

 ....
 

 Q: What numbers did you call?
 

 [Officer Nelson]: Her primary number is her cell phone, and her secondary number is for her mother's home phone.
 

 ....
 

 Q: .... Do you recall the number of times and dates that you made calls to those numbers?
 

 [Officer Nelson]: I don't have that information with me at this time.
 

 After the State offered its evidence, defendant testified that she did not willfully abscond because at the time of the alleged violation: her cell phone was missing, she was not at home when the officer visited, Officer Nelson left no messages at the home, her parents told her that Officer Nelson had not come by or called her, and she "had just [seen] [Officer Nelson] at the end of October[,]" so it did not otherwise occur to her to contact Officer Nelson.
 

 The case the State relies on to support its argument that the trial court did not err in its determination that defendant absconded,
 
 State v. Trent
 
 , --- N.C. App. ----,
 
 803 S.E.2d 224
 
 ,
 
 temporary stay allowed
 
 , --- N.C. ----,
 
 802 S.E.2d 725
 
 (2017), is notably distinct from the case at bar. In
 
 Trent
 
 , we held the trial court did not abuse its discretion by determining the defendant violated N.C. Gen. Stat. § 15A-1343(b)(3a) when: the defendant's probation officer was unable to locate him at home on 24 April 2016 or 5 May 2016, the defendant's wife told the probation officer that the defendant had not been home from 24 April to 5 May 2016, the probation officer had "absolutely no means of contacting" the defendant, and the defendant admitted at his revocation hearing that he did not attempt to contact his probation officer, even though he knew his probation officer was looking for him.
 

 Id.
 

 at ----,
 
 803 S.E.2d at 231
 
 .
 

 Here, unlike in
 
 Trent
 
 , where the defendant admitted he knew his probation officer attempted to contact him, the State failed to present competent evidence that defendant's failure to contact Officer Nelson from 2 November to 4 November 2016 was willful. Although Officer Nelson testified that she attempted to call and visit defendant, and left messages with defendant's parents for defendant to contact her, there was no showing that a message was given to defendant or, more generally, that defendant knew Officer Nelson was attempting to contact her. Thus, although there was competent evidence that Officer Nelson attempted to contact defendant, there was insufficient evidence that defendant willfully refused to make herself available for supervision from 2 November to 4 November 2016 (the only time period we can consider under the violation report and the court's written finding).
 

 We note that, as explained in
 
 Trent
 
 and emphasized by the State on appeal, defendant had a duty to keep her probation officer apprised of her whereabouts.
 
 Trent
 
 , --- N.C. App. at ----,
 
 803 S.E.2d at 232
 
 . However, this duty does not relieve the State of its burden to provide competent evidence that defendant refused to make herself available
 
 *140
 
 for supervision. Where, as here, the State's evidence only includes that a defendant failed to attend scheduled meetings, and the probation officer is unable to reach a defendant after merely two days of attempts, only leaving messages with a defendant's relatives, the evidence is insufficient to reasonably satisfy a trial judge that defendant willfully failed to keep her probation officer informed of her whereabouts.
 

 We are not unsympathetic to the probation officer's situation. It is clear that defendant is far from a model probationer and should be held accountable for her failures to comply. However, under the JRA, our Legislature has expressed a clear intent that activation of probationary sentences should only be used as a last resort and after the use of the other tools available such as two "quick dips" pursuant to N.C. Gen. Stat. § 15A-1344(d2).
 
 See
 

 Moore
 
 , --- N.C. at ----,
 
 807 S.E.2d at 554
 
 (explaining that the JRA amended the law to decrease the conditions whose violation would land a probationer back in prison to carry out the JRA's purpose "to reduce prison populations and spending on corrections
 
 *683
 
 and then to reinvest the savings in community-based programs") (citation and internal quotation marks omitted). In the present case it does not appear that even with defendant's lack of compliance she has been subjected to any such intermediate punishment. Given this fact, when considered together with the two-day period between the missed appointments and the absconding allegation, and the fact that the probation officer could not testify with any specificity and did not have records regarding her attempts to locate defendant during that two-day period, we are compelled to find that this case does not support a judgment of revocation.
 

 There was insufficient competent evidence to establish defendant's willful violation of N.C. Gen. Stat. § 15A-1343(b)(3a). Therefore, the trial court abused its discretion by revoking defendant's probation based on § 15A-1343(b)(3a). The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and ZACHARY concur.
 

 [1]
 

 Although defendant testified she met with Officer Nelson on 28 October 2016 at the hearing, the trial court found as fact, and defendant did not challenge on appeal, that defendant and Officer Nelson did not meet on 28 October 2016. However, on appeal, defendant claims for the first time that the scheduled 28 October 2016 appointment actually occurred on 26 October 2016.