MURPHY, Judge.
Where the State fails to present sufficient evidence to support a finding that a defendant's failure to make his or her whereabouts known to a supervising probation officer is willful, the trial court abuses its discretion by revoking that defendant's probation based on N.C.G.S. § 15A-1343(b)(3a). Additionally, a trial court is without jurisdiction to find a probation violation where the State did not provide a defendant with proper notice of the alleged violation. We accordingly vacate the judgment and remand this matter for proceedings not inconsistent with this opinion.
BACKGROUND
On 7 September 2017, Defendant pled guilty to three counts of common law robbery and one count of conspiracy to commit robbery with a dangerous weapon. Defendant received three consecutive sentences of 12-24 months, 13-25 months, and 17-30 months, respectively. Defendant's sentences were suspended, and he was placed on 30 months supervised probation.
On 12 October 2017, Probation Officer Jody Knox ("Officer Knox") filed a report alleging that Defendant had violated his supervised probation on all three sentences by absconding:
1. Regular Condition of Probation: General Statute 15A-1343(b)(3a)"Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer in that, ON OR ABOUT 10/10/17, THE DEFENDANT LEFT HIS PLACE OF RESIDENCE ... WITHOUT PRIOR APPROVAL OR KNOWLEDGE OF HIS PROBATION OFFICER AND FAILED TO MAKE HIS WHEREABOUTS KNOWN, MAKING HIMSELF UNAVAILABLE FOR SUPERVISION AND THEREBY ABSCONDING SUPERVISION. AS OF THE DATE OF THIS REPORT, THE DEFENDANT'S WHERABOUTS ARE UNKNOWN AND ALL EFFORTS TO LOCATE THE DEFENDANT HAVE BEEN UNSUCCESSFUL.
A hearing on the violations was held on 8 January 2018 in Cumberland County Superior Court. That same morning, Officer Knox filed an additional violation of probation on all three of Defendant's sentences:
1. Condition of Probation "Report as directed by the Court or the probation officer to the officer ... in a reasonable manner ..." in that ON 12/18/17 THE DEFENDANT REPORTED TO THE PROBATION OFFICE AND WAS VERBALLY ABUSIVE AND USED INAPPROPRIATE LANGUAGE. DEFENDANT ALSO REFUSED TO SUBMIT TO HANDCUFFS WHEN GIVEN INSTRUCTIONS BY THE PROBATION OFFICER.
At the hearing, the trial court informed Defendant of the allegations against him and inquired as to whether Defendant wished to represent himself, hire an attorney, or have an attorney appointed to represent him. Defendant stated that he wished to represent himself. After a colloquy about this decision, the matter was called for hearing with Defendant proceeding pro se . Officer Knox testified, without objection, that he visited the residence Defendant listed as his on 8 October 2017, 10 October 2017, and 6 December 2017 and that each time Officer Knox visited, the owner of the residence told him that Defendant did not live there. Officer Knox further stated that "all efforts to contact the family, friends and [Defendant's] old numbers were unsuccessful." With respect to the three additional violations on 18 December 2017, Officer Knox testified that Defendant refused to "submit to handcuffs" and that he used "aggressive and profane language."
The trial court found that Defendant had violated the conditions of his probation "by absconding and also by being verbally abusive using inappropriate language and refusing to submit to being handcuffed." The trial court revoked Defendant's probation and activated his three sentences. Defendant appeals.
ANALYSIS
A. Revocation of Defendant's Probation
Defendant contends that the trial court erred in revoking his probation, arguing the State presented insufficient evidence to support the trial court's finding that Defendant absconded under N.C.G.S. § 15A-1343(b)(3a). We agree.
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Young , 190 N.C. App. 458, 459, 660 S.E.2d. 574, 576 (2008) (citations and internal quotation marks omitted). Yet, "when a trial court's determination relies on statutory interpretation, our review is de novo because those matters of statutory interpretation necessarily present questions of law." State v. Johnson , 246 N.C. App. 139, 142, 783 S.E.2d 21, 24 (2016) (citation and internal quotation marks omitted).
A trial court may only revoke a defendant's probation in circumstances where the defendant: (1) commits a new criminal offense, in violation of N.C. Gen. Stat. § 15A-1343(b)(1), (2) absconds by willfully avoiding supervision or by willfully making her whereabouts unknown to the supervising probation officer, in violation of § 15A-1343(b)(3a), or (3) violates any condition of probation after previously serving two periods of confinement in response to violations, pursuant to § 15A-1344(d2).
State v. Melton , --- N.C. App. ----, ----, 811 S.E.2d 678, 680-81 (2018) (citing N.C.G.S. § 15A-1344(a) (2017) ).
In State v. Krider , --- N.C. App. ----, 810 S.E.2d 828, modified and aff'd , --- N.C. ----, 818 S.E.2d 102 (2018), we determined whether the State presented sufficient evidence to support a finding that the defendant absconded within the meaning of N.C.G.S. § 15A-1343(b)(3a). The probation officer in Krider testified that he visited the defendant's reported address and that "an 'elderly black female' informed [the officer] that defendant 'didn't live there.' " Id. at ----, 810 S.E.2d at 831. However, there was no evidence "regarding the identity of the person who greeted [the probation officer], or her relationship to [the] defendant." Id. Moreover, no evidence was presented that the defendant "was even aware of [the probation officer's] unannounced visit until after his arrest." Id. at ----, 810 S.E.2d at 832. Over a dissent, we held this evidence to be insufficient to support a finding that the defendant violated his probation by absconding. Id. at ----, 810 S.E.2d at 832-33.
We made a similar determination in Melton . There, the probation officer "testified that defendant absconded a week after the 26 October 2016 meeting because she failed to attend the 28 October and 2 November meetings, and did not contact [the officer] thereafter." Melton , --- N.C. App. at ----, 811 S.E.2d at 681. "[T]he officer attempted to call and visit defendant multiple times over the course of two days, and called and left messages with defendant's parents for defendant to call her." Id. We held:
Where, as here, the State's evidence only includes that a defendant failed to attend scheduled meetings, and the probation officer is unable to reach a defendant after merely two days of attempts, only leaving messages with a defendant's relatives, the evidence is insufficient to reasonably satisfy a trial judge that defendant willfully failed to keep her probation officer informed of her whereabouts.
Id. at ----, 811 S.E.2d at 682.
Here, we note at the outset that, while Officer Knox testified to attempting to visit Defendant's listed residence on 8 October 2017, 10 October 2017, and 6 December 2017, the violation report only alleged that Defendant absconded "on or about" 10 October 2017 through 12 October 2017, the date the violation report was filed. The trial court was limited to considering only that evidence which was relevant to the dates alleged in the violation reports. Melton , --- N.C. App. at ----, 811 S.E.2d at 682. As such, we review the sufficiency of the evidence for the 10 October 2017 - 12 October 2017 date range.
The case before us is indistinguishable from Krider and Melton . The State's evidence at the hearing regarding Defendant's absconding violations spanned a total of 19 seconds and three sentences. See Krider , --- N.C. App. at ----, 810 S.E.2d at 832 ("[D]espite the informal or summary nature of probation hearings, the State bears the burden of presenting sufficient evidence to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation.") (citation and internal quotation marks omitted). Officer Knox testified that "all efforts to contact the family, friends and [Defendant's] old numbers were unsuccessful." This testimony does not indicate whom Officer Knox tried to contact, when he tried to contact these persons, or whether Officer Knox attempted to leave messages for Defendant during any of these attempts. Considering the date range of 10 October to 12 October, Officer Knox only visited Defendant's listed residence once. There was no evidence presented that would indicate that Defendant was aware that Officer Knox was trying to contact him or that Defendant's failure to make himself available for supervision was willful. Thus, as it was in Krider and Melton , the evidence presented here was insufficient for a finding that Defendant willfully refused to make himself available for supervision from 10 October 2017 - 12 October 2017 and thus cannot support the judgment of revocation on the basis of N.C.G.S. § 15A-1343(b)(3a).
B. Failure to Report in a Reasonable Manner
Defendant next contends the trial court lacked jurisdiction to find Defendant had violated his probation by failing to report to his probation officer in a reasonable manner. We agree.
We review questions of subject matter jurisdiction de novo. State v. Satanek , 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008).
"A trial court must have subject matter jurisdiction over a case in order to act in that case. Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." State v. McCaster , --- N.C. App. ----, ----, 811 S.E.2d 211, 213 (2018) (citations and internal quotation marks omitted). "A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." State v. Sanders , 240 N.C. App. 260, 262, 770 S.E.2d 749, 750 (2015) (quoting State v. Burns , 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005) ). N.C.G.S. § 15A-1345(e) requires the State to "give the probationer notice of the hearing and its purpose, including a statement of the violations alleged." N.C.G.S. § 15A-1345(e) (2017). "The notice, unless waived by the probationer, must be given at least 24 hours before the hearing." Id.
Here, it is clear, and the State does not contest, that Defendant was not given proper notice of the violations in question. The violations for failure to report in a reasonable manner on or about 18 December 2017 were filed-stamped at 9:57 A.M., 9:58 A.M., and 10:00 A.M. on 8 January 2018. Defendant's first appearance was at 10:07 A.M. and his hearing began at 10:37 A.M. that same day. Thus, statements of these alleged violations were not provided to Defendant at least 24 hours before the hearing as N.C.G.S. § 15A-1345(e) requires.
The State contends that Defendant waived the notice requirement by participating in the hearing and admitting to these allegations. In making this argument, the State cites State v. Knox , 239 N.C. App. 430, 768 S.E.2d 381 (2015). In Knox , the defendant acknowledged that he had received a probation violation report and admitted the allegations in the report. Id. at 432, 768 S.E.2d at 383. Moreover, the defendant "appeared and participated in the hearing voluntarily." Id. We held this constituted a waiver of the notice requirement. Id.
The circumstances present in Knox that led us to conclude that the defendant waived the notice requirement are not present in this case. Here, Defendant had not previously received the violation reports containing the allegations that he failed to report in a reasonable manner on or about 18 December 2017. Moreover, it cannot be said that Defendant "appeared and participated voluntarily" in the same way as the defendant in Knox . There, the notice for the probation violation hearing as a whole was defective. The defendant's appearance and participation was therefore voluntary. Here, the probation violation hearing for which Defendant appeared contained the absconding violations for which proper notice had been given. Defendant was therefore required to appear at this hearing for the absconding violations. His appearance in court cannot be said to be voluntary.
The State is correct that Defendant admitted to violating his probation by failing to report to his probation officer in a reasonable manner. While we considered the defendant's admission to the probation violations in our analysis in Knox , admission alone does not establish a waiver of the notice requirement in N.C.G.S. § 15A-1345(e) in these circumstances. See State v. Snelling , 231 N.C. App. 676, 752 S.E.2d 739 (2014) (holding that, in the context of N.C.G.S. § 15A-1340.16(a6), the defendant had not waived his right to receive statutory notice of the State's intent to prove a prior record level point, despite his stipulation to the record level point and his prior record level status).
Without proper notice under N.C.G.S. § 15A-1345(e) of the alleged violations that Defendant failed to properly report to his probation officer in a reasonable manner, and without a waiver of this notice requirement, the trial court lacked jurisdiction to find such violations.
CONCLUSION
The trial court abused its discretion in revoking Defendant's probation under N.C.G.S. § 15A-1343(b)(3a) and was without jurisdiction to find that Defendant violated his probation by failing to report to his probation officer in a reasonable manner under N.C.G.S. § 15A-1343(b)(3). Accordingly, we vacate the judgment and remand for further proceedings not inconsistent with this opinion. Since we vacate the judgments, we need not reach Defendant's remaining arguments that the trial court erred in allowing Defendant to proceed pro se and that the judgments contained a clerical error.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges STROUD and DIETZ concur.