IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1029

Filed 2 July 2025

New Hanover County, Nos. 16CRS051130-640, 16CRS051132-640

STATE OF NORTH CAROLINA

v.

LUTHER MELVIN JOHNSON, II

Appeal by Defendant from judgment entered 6 May 2024 by Judge Bob R. Cherry in New Hanover County Superior Court. Heard in the Court of Appeals 21 May 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Janon M. Harris, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Candace Washington, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Luther Melvin Johnson, II, appeals from a judgment revoking his probation and activating his sentence. Defendant argues that the trial court erred by revoking his probation where there was insufficient evidence tending to show he had absconded from supervision. We conclude the trial court did not abuse its discretion in determining that Defendant had absconded. However, the trial court failed to exercise its discretion to decide whether to revoke Defendant's probation. Accordingly, we vacate the trial court's revocation of Defendant's probation and

remand the matter to the trial court.

## I.    Factual and Procedural Background

Defendant pled guilty on 12 July 2022 to two counts of obtaining property by false pretenses. Pursuant to the plea agreement, he was sentenced to 11 to 23 months in prison, suspended for 24 months of supervised probation. At this time, he was also on probation in Virginia, and his residence was located in Abingdon, Virginia. Defendant sought to have his North Carolina probation transferred to Virginia under the Interstate Compact for Adult Offender Supervision. Defendant's application was approved, and he returned to Virginia. Defendant then applied on 25 August 2022 to have his North Carolina probation transferred to West Virginia. Defendant's application was again approved, and he moved to West Virginia.

At some point, Defendant committed some misdemeanors in West Virginia and served some jail time. After having been in West Virginia for about a year, Defendant returned to Virginia. Defendant did not notify his North Carolina probation officer, Officer Daniel Mattlin, of his return to Virginia. Defendant testified that he thought his probation had been successfully transferred to Virginia.

Mattlin did not learn Defendant had moved back to Virginia until he was notified by someone other than Defendant on or around 27 October 2023, about two months after the fact. Mattlin sent a "request for reporting instructions" to Virginia, asking Virginia to supervise Defendant again. Virginia denied the request because "they wanted time to investigate whether [Defendant] had a verifiable residence and

employment" in Virginia.

Mattlin and Defendant had been in regular contact, and on 17 December 2023, Mattlin ordered Defendant to return to North Carolina. Mattlin testified,

> I told him that the request for reporting instructions were denied and to advise him to report back to North Carolina Monday at 4:00 until transfer process can be completed. And at that point he responded he has no money or no vehicle.

Defendant testified that he told Mattlin his probation officer in Virginia was telling him to stay in Virginia, and he had no money and no car because he had just had a car accident. Mattlin thought he and Defendant "spoke a couple more times after that."

Defendant did not return to North Carolina as ordered. Mattlin filed a probation violation report on 3 January 2024, alleging, among other violations, that Defendant had absconded supervision. Mattlin sent the case to an investigative team to further investigate Defendant's whereabouts and to communicate with him. The investigative team spoke with Defendant's Virginia probation officer, and at one point, "probation in Virginia went to [Defendant's] given address and he wasn't there." Defendant testified, "I work. I might not have been there when they showed up at my place."

On or around 6 February 2024, the investigative team contacted Defendant and told him to report to his Virginia probation officer. Defendant made some phone calls to some friends in law enforcement in Virginia and West Virginia and learned a

warrant was issued for his arrest in North Carolina. Defendant testified, "I was worried to death but I went ahead and reported . . . knowing that was the only way I could get to North Carolina." When Defendant reported to the probation officer, he was arrested.

After hearing the evidence, the trial court was reasonably satisfied that Defendant had violated his probation by, among other ways, absconding. The trial court announced, "The absconding being the one that revocation could be had, it looks like the only alternative that I have at this particular time is to revoke his probation." The trial court thus revoked Defendant's probation on 6 May 2024 and activated his sentence. Defendant timely appealed.

## II. Discussion

Defendant argues that the trial court abused its discretion by revoking his probation because there was insufficient evidence to show that he absconded.

A hearing to revoke a defendant's probation requires that the evidence be such as to "reasonably satisfy" the trial court "in the exercise of [its] sound discretion" that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Young*, 190 N.C. App. 458, 459 (2008) (citation and quotation marks omitted). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." *State v. Terry*, 149 N.C. App.

434, 438 (2002) (citation omitted). When the State presents "competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." *State v. Talbert*, 221 N.C. App. 650, 652 (2012) (quotation marks and citation omitted).

"We review a trial court's decision to revoke a defendant's probation for abuse of discretion." *State v. Melton*, 258 N.C. App. 134, 136 (2018) (citation omitted). A trial court abuses its discretion "when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Maness*, 363 N.C. 261, 279 (2009) (quotation marks and citation omitted). A misapprehension of the law suffices to show abuse of discretion. *See State v. Tuck,* 191 N.C. App. 768, 771 (2008).

A trial court may revoke a defendant's probation only if the defendant (1) commits a criminal offense in any jurisdiction, (2) absconds from supervision, or (3) has already served two periods of confinement for violating other conditions of probation. N.C. Gen. Stat. § 15A-1344(a) (2024); *State v. Williams*, 243 N.C. App. 198, 199-200 (2015). A defendant absconds by "willfully avoiding supervision or by willfully making [his] whereabouts unknown to the supervising probation officer." N.C. Gen. Stat. § 15A-1343(b)(3a) (2024).

## A. Relevant time period

Defendant first argues that "[t]he trial court should have only considered the

relevant period of 18 December 2023 through 3 January 2024 in determining whether [Defendant had] absconded." The State, on the other hand, asserts that "[t]he trial court correctly considered 27 October 2023 through 3 January 2024 as the relevant period in determining whether Defendant absconded."

Both sides cite *State v. Melton* for the proposition that, in determining whether a defendant absconded, the relevant time frame for the trial court is limited to the dates alleged in the violation report until the date the violation report is filed. *See Melton*, 258 N.C. App. at 137.

Here, the probation violation report alleges that Defendant willfully violated:

> Regular Condition of Probation: General Statute 15A-1343(b)(3a) "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that,
>
> ON OR ABOUT 10/27/23, IT WAS FOUND THAT OFFENDER FAILED TO NOTIFY NC THAT HE HAD MOVED FROM WEST VIRGINIA TO VIRGINIA, WITHOUT PERMISSION AND HAS FAILED TO REPORT BACK TO NORTH CAROLINA AS DIRECTED FOR SUPERVISION. OFFENDER FAILED TO REPORT TO NORTH CAROLINA AS DIRECTED ON 12/18/23, BY 4PM.

This paragraph plainly alleges that Defendant's failure to notify North Carolina that he had moved from West Virginia to Virginia, which was discovered on 27 October 2023, was behavior supporting allegations Defendant had absconded. The probation violation report was filed on 3 January 2024. Accordingly, under *Melton*,

the relevant period is 27 October 2023 to 3 January 2024.

## B. Sufficiency of the evidence

Defendant next argues that the State presented insufficient evidence that Defendant willfully avoided supervision or willfully made his whereabouts unknown to his supervising probation officer. Defendant specifically argues that the allegations in the report "only amounted to a failure to report under [N.C. Gen. Stat.] § 15A-1343(b)" or "a mere technical violation of the Interstate Compact for Adult Offender Supervision Rules." We disagree.

A defendant absconds by either "willfully avoiding supervision" or by "willfully making [his] whereabouts unknown to the supervising probation officer." N.C. Gen. Stat. § 15A-1343(b)(3a). A defendant's mere failure to report as directed to his probation officer, in violation of section 1343(b)(3a), does not, without more, constitute absconding. *See State v. Johnson*, 246 N.C. App. 139, 146 (2016) (holding that a defendant's failure to report for an appointment with his probation officer "does not, without more, violate N.C. Gen. Stat. § 15A-1343(b)(3a) when these exact actions violate the explicit language of a wholly separate regular condition of probation which does not allow for revocation and activation of a suspended sentence") (citations and emphasis omitted). However, a defendant's behavior can "independently serve as the bases for both violating the regular conditions of probation as codified in [N.C. Gen. Stat. §] 15A-1343(b)(3) and the revocable violation of absconding . . . ." *State v. Crompton*, 380 N.C. 220, 227 (2022).

"As a practical matter, th[e] conditions laid out in Section 15A-1343(b)(3) make up the necessary elements of 'avoiding supervision' or 'making one's whereabouts unknown.'" *Id.* (brackets and citation omitted). For example, "[a] defendant cannot avoid supervision without failing to report as directed to his probation officer at reasonable times and places. Neither can a defendant make his whereabouts unknown without failing to answer reasonable inquiries or notify his probation officer of a change of address." *Id.* (citation omitted).

In *State v. Thorne*, we determined that the trial court did not abuse its discretion by revoking the defendant's probation for absconding where the defendant was asked to provide a drug test, but he left the probation office and did not return. 279 N.C. App. 655, 658, 662 (2021). There, the State presented evidence that the defendant's probation officer "was twice unable to locate [the d]efendant at his last known address," the defendant failed to report to his probation officer "despite a message left with his family requesting that he do so," and the defendant "otherwise failed to contact or make his whereabouts known" to his probation officer for a twenty-two-day period. *Id.* at 662.

Like the defendant in *Thorne*, Defendant here relies on *State v. Williams*, 243 N.C. App. 198 (2015), to support his argument that his actions did not amount to absconding. In *Williams*, we concluded that even though the defendant had missed home and office contacts, traveled back and forth between North Carolina and New Jersey, and failed to return his probation officer's messages, revocation was improper

because his probation officer knew his whereabouts through their phone conversations. 243 N.C. App. at 203-05.

Similarly, in *State v. Melton*, we held that the defendant's failure to attend meetings and the probation officer's inability to reach defendant for a span of two days was not sufficient evidence that the defendant absconded. 258 N.C. App. at 140. While some of the facts in *Williams* and *Melton* are present here, key differences make this case distinguishable from those cases and are more similar to *Thorne*.

Here, Defendant applied to have his probation transferred from North Carolina to Virginia and then from North Carolina to West Virginia, demonstrating his knowledge and understanding of the transfer process. Yet, when Defendant moved from West Virginia to Virginia, he failed to apply for a transfer of his North Carolina probation. Additionally, like the defendant in *Thorne*, Defendant was not located at his last known address. Unlike the defendant in *Williams*, Defendant failed to notify Mattlin of his return to Virginia and his new address and remained in Virginia under their probation supervision for more than sixty days without contacting Mattlin, an even longer period of time than the twenty-two-day period in *Thorne*. It was not until Mattlin contacted Defendant that Defendant apprised Mattlin of his whereabouts in Virginia.

Furthermore, although Mattlin told Defendant to report to North Carolina on 18 December 2023, like the defendant in *Thorne*, Defendant failed to do so. Mattlin and Defendant spoke after that, but Defendant still had not returned to North

Carolina more than two weeks later.  As a result, Mattlin filed a probation violation.

Defendant emphasizes portions of his testimony where he offered reasons why he failed to contact Mattlin upon moving from West Virginia to Virginia and why he could not report in person to North Carolina.  However, the trial court sat as the fact finder in the probation revocation hearing, N.C. Gen. Stat. § 15A-1345(e), and had discretion to determine the weight and credibility of the evidence, *Sellers v. Morton*, 191 N.C. App. 75, 79 (2008).

Accordingly, as the State presented competent evidence that Defendant willfully avoided supervision or willfully made his whereabouts unknown to Mattlin, the trial court did not abuse its discretion by being reasonably satisfied Defendant that had violated the condition of probation to not abscond.

It is apparent from the transcript, however, that the trial court did not exercise its discretion in deciding to revoke Defendant's probation and instead acted under a misapprehension of law believing that it was constrained to do so.  After finding that it was reasonably satisfied that Defendant had violated his probation by, among other ways, absconding, the trial court announced, "The absconding being the one that revocation could be had, *it looks like the only alternative that I have at this particular time is to revoke his probation.*"  (emphasis added).

Because it is within the trial court's "sound discretion [to] revoke the probation" of a Defendant who has absconded, *Terry*, 149 N.C. App. at 438, we vacate Defendant's probation revocation and remand the case to the trial court to exercise

its discretion to make this determination.

### III.    Conclusion

Defendant has failed to show the trial court abused its discretion in determining that Defendant had absconded.  Because the trial court did not exercise its discretion in deciding whether to revoke Defendant's probation, we vacate the trial court's order and remand the case to the trial court to exercise its discretion.

VACATED AND REMANDED.

Judge TYSON concurs.

Judge GRIFFIN concurs in parts and dissents in part by separate opinion.

GRIFFIN, Judge, concurring in part and dissenting in part.

I concur with the majority in affirming the trial court's finding Defendant willfully absconded from probation. I disagree with their holding that the trial court abused its discretion by operating under a misapprehension of the law.

The majority hangs their hat on one statement from the trial judge: "The absconding being the one [count] that revocation could be had, it looks like the only alternative that I have at this particular time is to revoke [Defendant's] probation." However, given the context of the probation violation hearing, I would not hold the judge misapprehended the law.

The trial court found Defendant willfully absconded from probation. It also found he willfully committed three additional probation violations. The court plainly and regretfully acknowledged Defendant was not a good candidate for probation. The majority asks us to believe a trial court judge, who has served as a prosecutor, district court judge, and superior court judge, abused his discretion by misapprehending the law—based on one inconclusive statement. I respectfully dissent from the majority decision to vacate and remand the revocation and would affirm the trial court.