SARAH E. KING ET AL. v. ISABELLA TAYLOR ET AL.

(Filed 22 October, 1924.)

1. Certiorari—Discretion of Court—Constitutional Law—Statutes—Appeal and Error.

The granting or refusing of a petition for a *certiorari,* under the provisions of our Constitution, Art. IV, sec. 8, and C. S., 630, passed in pursuance thereof, is a matter within the discretion of the Supreme Court, and will not be issued when it will serve no good purpose.

**2. Same—Consent Judgments—Waiver.**

A writ of *certiorari* will not issue from the Supreme Court to bring up for review the action of the Superior Court judge in refusing to settle a case on appeal, when it appears that a judgment had been entered by the court upon the consent of the parties, such judgment being a waiver of the right of appeal. *Semble*, the only remedy is a motion in the lower court to set aside the judgment.

APPLICATION for *certiorari* to obtain a review of a judgment entered in this cause at March Term, 1924, of CUMBERLAND.

This was a special proceeding before the clerk to establish a dividing line between these parties, transferred on issues joined to Superior Court docket for trial, and wherein it appears that after the jury was impaneled on the issue, the matters in dispute having been adjusted between the parties, a juror was withdrawn and judgment by consent entered of record, according to the agreement then had.

It further appears from the affidavits filed on this application that plaintiffs, having become dissatisfied, and after judgment signed, protested same and gave notice of an appeal in open court and asked for the usual entries to be made looking to a perfection of said appeal, which motions were refused by the judge, his Honor being of opinion that no appeal would lie from a consent judgment. On the facts appearing of record, plaintiff's application is denied.

*A. M. Moore, for plaintiffs.*
*Bullard & Stringfield for defendants.*

HOKE, C. J. Under Article IV, section 8, of our Constitution, power is conferred upon the Supreme Court to issue "any remedial writs necessary to give it general supervision and control over the proceedings of inferior courts, and in furtherance of such power the General Assembly, in C. S., 630, has provided for the issuance of the writs of *certiorari,* as heretofore in use, etc." A proper consideration of the authorities apposite is to the effect that as a substitute for appeal the writ does not issue as of right, but only in the sound discretion of the appellate court, to review an adverse judgment where no provision for appeal has been made by law or the right thereto has been lost or wrongfully refused without default of the applicant, and is allowed only on a reasonable show of merits and that the ends of justice will be thereby promoted. *S. v. Farmer,* 188 N. C., p. 243; *Mimms v. R. R.,* 183 N. C., p. 436; *Deslauries v. Louice,* 222 Ill., p. 522; *Rudnick v. Murphy,* 213 Mass., p. 470; 5 R. C. L., pp. 253-254.

In the present case,. a perusal of the record as now presented will disclose that a judgment below has been entered by consent and stands now in the lower court as the final determination of the rights of the

parties of record, and in such case it is very generally held that no appeal lies, the consent being regarded as the waiver of such right. *Hartsoe v. R. R.,* 161 N. C., p. 215; *Skinner v. Maxwell,* 67 N. C., p. 257; *Schmidt v. Virgin Gold Mine Co.,* 28 Ore., p. 9; 3 Corpus Juris, p. 671; 2 R. C. L., p. 31, sec. 9.

In this last citation the recognized position on the subject is very well stated as follows: "A judgment or decree rendered by the consent of the parties is in the nature of a solemn contract and is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case, had they been proved. As a result, such a decree or judgment is absolutely conclusive between the parties, and it can neither be amended nor in any way waived without a like consent, nor can it be appealed from or reviewed on a writ of error. Thus consent to the rendition of a decree in proceedings for the foreclosure of a mortgage is a waiver of error precluding a review on appeal."

This being true, we are of opinion that a writ of *certiorari* would avail nothing to the applicant in the present condition of the record, for while that judgment by consent stands, and on the facts as they now appear, this Court is without power to review or question it. Even if the record were certified here with evidence in case on appeal tending to impeach it, the judgment would control and the cause would have to be dismissed, our decisions being that in each case the record must prevail. *Southerland v. Brown,* 176 N. C., p. 187; *Bell v. Harrison,* 179 N. C., 190.

In order to a further presentation of their claims, the only course apparently open to plaintiffs is by motion in the lower court to set the judgment aside and if their application is refused it may then be in their power to review the action of the lower court by appeal or *certiorari* as they may be advised. As the matter now appears they are without right to relief in this Court and their application is denied.

Application denied.