IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-995

Filed: 19 May 2020

Henderson County, Nos. 17 CRS 054550, 17 CRS 054551

STATE OF NORTH CAROLINA

v.

DAVID JOHN GANTT, Defendant.

Appeal by defendant from judgments entered 24 June 2019 by Judge Peter B. Knight in Henderson County Superior Court. Heard in the Court of Appeals 15 April 2020.

*Attorney General Joshua H. Stein, by Associate Attorney General Elizabeth B. Jenkins, for the State.*

*Reece & Reece, by Mary McCullers Reece, for defendant-appellant.*

BERGER, Judge.

On January 30, 2018, David John Gantt ("Defendant") was placed on supervised probation for felony breaking or entering and larceny after breaking or entering. Defendant's probation was revoked and his suspended sentence was activated on June 24, 2019, after he admitted that he willfully violated the terms and conditions of his probation, including an allegation that he absconded. Defendant appeals from judgments upon revocation of his probation. However, Defendant

concedes his notice of appeal was defective. In the exercise of our discretion, we deny his petition for writ of certiorari and dismiss his appeal.

Factual and Procedural Background

On January 30, 2018, Defendant pleaded guilty to felony breaking or entering and felony larceny after breaking or entering. The trial court sentenced Defendant to two consecutive 8- to 19-month prison terms, suspended both sentences, and placed Defendant on supervised probation for 24 months. Probation violations were filed for Defendant's failure to comply with the terms and conditions of his probation on March 12 and July 13, 2018 (the "Violation Reports"). The Violation Reports alleged that Defendant possessed drugs, possessed a firearm, possessed a stolen firearm, missed an office visit, was charged with defrauding a drug screen, was charged with possession of methamphetamine, had an outstanding warrant for possession of a stolen vehicle, and absconded.[1]

On June 24, 2019, the trial court conducted a hearing on the Violation Reports. Defendant admitted that he had willfully violated the terms and conditions of his probation as set forth in the reports, and he also informed the trial court that he had

[1] The March 12, 2018 Violation Report contains the file number for the breaking or entering charge, 17 CRS 54551. The July 13, 2018 Violation Report contains the file number for the larceny after breaking or entering charge, 17 CRS 54550. During the hearing, the probation officer discussed the initial violations which follow the language in the March 12, 2018 Violation Report for 17 CRS 54551, and he then informed the trial court that there was an "Addendum violation" which alleged absconding. However, there is no addendum in the record

After discussing the "Addendum violation," the probation officer discussed the alleged violations in the July 13, 2018 Violation Report for 17 CRS 54550.

been convicted of a criminal offense. In addition, defense counsel stated to the trial court, "my recommendation is to terminate, . . . [a]nd I believe that's by agreement with probation." Defendant specifically admitted to absconding and conviction of a new criminal offense in 17 CRS 54551.

At the conclusion of the hearing, the trial court announced Defendant's probation was revoked. In the written judgment for File Number 17 CRS 54550, the trial court found Defendant had willfully violated the terms and conditions of his probation by absconding, missing and office visit, and possession of marijuana and drug paraphernalia. In the written judgment revoking Defendant's probation in 17 CRS 54551, the trial court found Defendant had willfully violated the terms of his probation as set forth in paragraph 1 of the July 13, 2018 Violation Report.

Defendant filed a *pro se* purported written notice of appeal. Defendant argues on appeal that the trial court erred by revoking his probation in 17 CRS 54551 for a violation of which he had no notice or, in the alternative, for a violation that was not revocable. However, Defendant's notice of appeal failed to comply with N.C. R. App. P. 4 in that the notice did not (1) designate the judgment from which he was appealing, (2) designate the court to which he was appealing, and (3) properly certify service. Defendant concedes that he neither designated the judgment or judgments from which he was appealing nor the court to which he was appealing, and he had failed to attach a certificate of service.

The defects in Defendant's notice deprive this Court of jurisdiction over his direct appeal. *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011); *see also State v. McMillian,* 101 N.C. App. 425, 427, 399 S.E.2d 410, 411 (1991). Therefore, Defendant's appeal is dismissed.

Analysis

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.

N.C. R. App. P. 21(a)(1) (2019).

"A petition for the writ must show merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Killette*, ___ N.C. App. ___, ___, 834 S.E.2d 696, 698 (2019) (citation and quotation marks omitted). Petitioner must also demonstrate "that the ends of justice will be . . . promoted." *King v. Taylor*, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924). In addition, the decision of "[w]hether to allow a petition and issue the writ of certiorari is not a matter of right and rests within the discretion of this Court." *State v. Biddix*, 244 N.C. App. 482, 486, 780 S.E.2d 863, 866 (2015) (citation omitted).

Defendant's probation was revoked and his suspended sentence activated for absconding and possession of drug paraphernalia. These are regular conditions of

4

probation. *See* N.C. Gen. Stat. § 15A-1343(b) (2019); *see also* N.C. Gen. Stat. § 15A-1344(a) (2019) ("The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) [new criminal offense] or G.S. 15A-1343(b)(3a) [abscond by willfully avoiding supervision]").

Defendant admitted in open court that he was in willful violation of these regular conditions. Defendant has failed to demonstrate that the ends of justice would be promoted by allowing the petition and issuing the writ. In the exercise of our discretion, we deny Defendant's petition for writ of certiorari.

### Conclusion

For the reasons stated herein, Defendant's petition for writ of certiorari is denied and his appeal is dismissed.

DENIED IN PART AND DISMISSED.

Judge TYSON concurs.

Judge COLLINS dissents in separate opinion.

No. COA19-995 – *State v. Gantt*

COLLINS, Judge, concurring in part and dissenting in part.

I concur in the majority opinion to deny Defendant's petition for writ of certiorari in 17 CRS 054550 and to dismiss his appeal in that case. However, where Defendant's probation in 17 CRS 054551 was revoked for absconding–a violation not alleged in the probation violation report–I respectfully dissent from the remainder of the majority opinion that leads to its conclusion to deny Defendant's petition for writ of certiorari in 17 CRS 054551 and to dismiss his appeal in that case.

## I. Factual Background

Although the majority opinion includes a recitation of the facts, I include a recitation of the facts as well.

On 30 January 2018, Defendant pled guilty in district court to felony breaking and entering in 17 CR 54550, and felony larceny after breaking and entering in 17 CR 54551.[2] The trial court sentenced Defendant to two consecutive 8-19 month prison terms, suspended both sentences, and placed Defendant on 24 months' supervised probation.

---

[2] The district court file numbers were 17 CR 54550 and 17 CR 54551. Upon the filing of the probation violation reports in superior court, the file numbers became 17 CRS 054550 and 17 CRS 054551.

*COLLINS, J., concurring in part and dissenting in part.*


On 12 March 2018, Defendant's probation officer filed a probation violation report in superior court in 17 CRS 054551 ("March report"). The March report alleged the following probation violations:

1. "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places . . ." in that
OFFENDER FAILED TO REPORT FOR OFFICE VISIT ON 3/7/2018.

2. Condition of Probation "Not possess contraband or stolen goods" in that
DURING WARRANTLESS SEARCH OFFENDER WAS FOUND TO HAVE STOLEN PROPERTY IN HIS POSSESSION INCLUDING A STOLEN FIREARM. PROPERTY WAS SEIZED BY HENDERSON COUNTY SHERIFFS DEPARTMENT

3. Condition of Probation "Possess no firearm, explosive device or other deadly weapon" in that []
OFFENDER WAS FOUND TO BE IN POSSESSION OF RIFLE/FIREARM DURING SEARCH OF HIS RESIDENCE ON 3/9/2018. RIFLE WAS TAKEN AS EVIDENCE BY HENDERSON COUNTY SHERIFFS DEPARTMENT.

4. Condition of Probation "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it . . ." in that
MARIJUANA AND A HOMEADE WATER BONG WERE FOUND DURING ROUTINE SEARCH OF OFFENDERS RESIDENCE ON 3/09/2018

*COLLINS, J., concurring in part and dissenting in part.*

On 13 July 2018, the probation officer filed a probation violation report in superior court in 17 CRS 054550 ("July report"). The July report alleged the following probation violations:

1.  Regular Condition of Probation: General Statute 15A-1343(b) (3a) "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that,
    OFFENDER LEFT SOUTHERNAIRE MOTEL ROOM NUMBER 12 ON OR ABOUT 6/20/2018 AND HAS FAILED TO MAKE WHEREABOUTS KNOWN THUS ABSCONDING

2.  "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places . . ." in that
    OFFENDER MISSED OFFICE VISIT ON 3/7/2018.

3.  Condition of Probation "Not possess contraband or stolen goods" in that
    OFFENDER WAS IN POSSESSION OF STOLEN ITEMS DURING ROUTINE SEARCH ON 3/09/2018 AT HIS RESIDENCE. ITEMS SEIZED BY HENDERSON COUNTY SHERIFFS DEPARTMENT.

4.  Condition of Probation "Possess no firearm, explosive device or other deadly weapon" in that []
    OFFENDER IN POSSESSION OF STOLEN FIREARM DURING ROUTINE SEARCH ON 3/9/2018. WEAPON SEIZED BY HENDERSON COUNTY SHERIFFS DEPARTMENT

5.  Condition of Probation "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it . . ." in that

MARIJUANA AND HOMEADE WATER BONG FOUND DURING SEARCH OF OFFENDERS RESIDENCE ON 3/09/2018.

6. General Statute 15A-1343(b)(1) "Commit no criminal offense in any jurisdiction" in that
WARRANT ISSUED FOR DEFRAUDING DRUG SCREEN ON 3/12/2018 AFTER ATTEMPTING TO PROVIDE URINE IN PLASTIC[] BOTTLE HIDDEN IN PANTS DURING ROUTINE SCREEN.

7. General Statute 15A-1343(b)(1) "Commit no criminal offense in any jurisdiction" in that
OFFENDER CHARGED WITH POSSESSION OF METHAMPHETAMINE ON 4/08/2018 IN HENDERSON COUNTY NC AND OUTSTANDING WARRANT OF POSSESSION OF STOLEN MOTOR VEHICLE WITH OFFENSE DATE OF 6/20/2018

The trial court held a hearing on the probation violation reports on 24 June 2019.

At the conclusion of the hearing, the trial court announced it was revoking Defendant's probation in both 17 CRS 054550 and 054551 for absconding. In the written judgment revoking Defendant's probation in 17 CRS 054550, the trial court found Defendant had willfully violated the terms of his probation as set forth "in Paragraph(s) 1-2, 5 of the Violation Report or Notice dated 07/13/2018." Similarly, in the written judgment revoking Defendant's probation in 17 CRS 054551, the trial court found Defendant had willfully violated the terms of his probation as set forth in "in Paragraph(s) 1 of the Violation Report or Notice dated 07/13/2018."

Defendant filed a written notice of appeal on 2 July 2019.

*COLLINS, J., concurring in part and dissenting in part.*

## II. Discussion

Defendant argues that the trial court erred by revoking his probation in 17 CRS 054551 for a violation of which he had no notice or, in the alternative, for a violation that was not revocable.

*A. Jurisdiction*

Initially, I address our jurisdiction over this appeal.

Rule 4(a) of the Rules of Appellate Procedure provides that notice of appeal from a criminal case may be taken by "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order[.]"  N.C. R. App. P. 4(a).  Such written notice

> shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record.

N.C. R. App. P. 4(b).

However, even if a written notice of appeal does not technically comply with Rule 4, "[w]e may liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction[.]"  *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990).  "First, a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in

- 5 -

*COLLINS, J., concurring in part and dissenting in part.*

loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake." *Id.* at 156-57, 392 S.E.2d at 424 (internal quotation marks and citations omitted). "Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the '*functional equivalent*' of the requirement." *Id.* at 157, 392 S.E.2d at 424 (citation omitted).

In this case, Defendant filed a pro se notice of appeal on 2 July 2019 on what appears to be a pre-printed form for noticing appeal from Henderson County District Court to Henderson County Superior Court. The notice appears in the record as follows:

NOTICE OF APPEAL

RE: CASE NUMBER  <u>19009692</u>

I, <u>David John Gantt</u>, give Notice of Appeal in the above-referenced case. My case was disposed of on <u>6/24/19</u> in Henderson County ~~District~~ *Superior* Court.

<u>David Gantt</u>
(Signature of Defendant)

NEXT COURT APPEARANCE:
<u>N/A</u>
(date)
Henderson County Superior Court

*COLLINS, J., concurring in part and dissenting in part.*

The underlined portions of the above form indicate blanks that Defendant filled in by hand. Additionally, Defendant crossed out "District" and wrote in "Superior" Court.

Also on 2 July 2019, the trial court entered Appellate Entries in both 17 CRS 054550 and 17 CRS 054551 indicating that "[D]efendant has given Notice of Appeal to the N.C. Court of Appeals," and appointing the Appellate Defender to perfect Defendant's appeal. Appointment of Appellate Counsel by the Appellate Defender was entered 19 August 2019. On 27 August 2019, the transcript of the proceedings was delivered to appellate counsel; the assistant district attorney; and the North Carolina Department of Justice, Appellate Section. On 26 September 2019, Defendant served the proposed record on appeal on the State. As the State did not serve on Defendant "a notice of approval of the Proposed Record on Appeal or objections, amendments or alternative Proposed Record on Appeal[,]" the record was settled by operation of N.C. R. App. P. 11(b) and filed on 8 November 2019.

Defendant's notice of appeal, though timely filed, does not clearly designate the judgments from which he was appealing nor the court to which he was appealing, and failed to attach a certificate of service to confirm service, in violation of N.C. R. App. P. 4. Nonetheless, it can be fairly inferred from Defendant's "NOTICE OF APPEAL" that he intended to appeal the judgments entered against him on "6/24/19" in Henderson County Superior Court. Indeed, neither the trial court nor the State were unclear that Defendant was appealing the judgments in 17 CRS 054550 and 17

*COLLINS, J., concurring in part and dissenting in part.*

CRS 054551 entered on 24 June 2019 in Henderson County Superior Court. Furthermore, "'since this Court is the only court with jurisdiction to hear [D]efendant's appeal, it can be fairly inferred [D]efendant intended to appeal to this Court.'" *State v. Rouse*, 234 N.C. App. 92, 94, 757 S.E.2d 690, 692 (2014) (quoting *State v. Ragland*, 226 N.C. App. 547, 553, 739 S.E.2d 616, 620, *disc. review denied*, 367 N.C. 220, 747 S.E.2d 548 (2013)). Accordingly, neither of these technical deficiencies are jurisdictional in this case.

Additionally, "a party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal[.]" *Hale v. Afro-Am. Arts Int'l, Inc.*, 335 N.C. 231, 232, 436 S.E.2d 588, 589 (1993). The State did not move to dismiss Defendant's appeal based on lack of service. However, the State did not respond to Defendant's proposed record on appeal and then raised the issue of jurisdiction in its response to Defendant's petition for writ of certiorari and in its response brief. Because there is no certificate of service of the notice of appeal and the State has not waived Defendant's failure to include proof of service of his notice of appeal, this appeal must be dismissed. *See Ribble v. Ribble*, 180 N.C. App. 341, 343, 637 S.E.2d 239, 240 (2006).

However, Defendant has filed a petition for certiorari asking this Court "to review the Judgment and Commitments Upon Revocation of Probation in Henderson

County files 17 CRS 54550 and 54551 entered on 24 June 2019[.]" "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C. R. App. P. 21(a). "A petition for the writ must show merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Killette*, 834 S.E.2d 696, 698 (N.C. Ct. App. Nov. 5, 2019) (citation and quotation marks omitted). Petitioner must also demonstrate "that the ends of justice will be . . . promoted." *King v. Taylor*, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924).

On appeal, Defendant argues that the trial court erred in revoking his probation in 17 CRS 054551 but makes no argument regarding the revocation of his probation in 17 CRS 054550. Thus, I concur with the majority's conclusion to deny Defendant's petition for writ of certiorari to review the judgment upon revocation of his probation in 17 CRS 054550.

However, in light of Defendant's timely, albeit technically deficient, pro se Notice of Appeal, and the due process violations that led to the improper revocation of Defendant's probation, I believe it an abuse of discretion to overlook those violations and deny a petition for writ of certiorari to review the judgment upon revocation of Defendant's probation in 17 CRS 054551. I would thus grant the

*COLLINS, J., concurring in part and dissenting in part.*

petition for writ of certiorari and review the merits of Defendant's appeal in 17 CRS 054551.

*B. Analysis*

"A probation revocation proceeding is not a formal criminal prosecution, and probationers thus have 'more limited due process right[s].'" *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973), *superseded by statute*, Parole Commission and Reorganization Act, Pub. L. No. 94-233, 90 Stat. 228 (1976)). As a matter of due process, however,

> [t]he probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.

*Black v. Romano*, 471 U.S. 606, 612 (1985) (citing *Gagnon*, 411 U.S. at 786). The General Assembly has effectuated this notice-related due process requirement by enacting N.C. Gen. Stat. § 15A-1345(e), which states in pertinent part:

> Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged.

N.C. Gen. Stat. § 15A-1345(e) (2019). "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard*, 198 N.C. App. 154, 158, 678 S.E.2d 390, 393 (2009) (citation omitted).

A defendant's probation can be revoked only if the defendant (1) commits a criminal offense in any jurisdiction in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds from supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) has already served two periods of confinement for violating other conditions of probation according to N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a) (2019); *State v. Williams*, 243 N.C. App. 198, 199-200, 776 S.E.2d 741, 742 (2015).

At the beginning of the hearing on the probation violation reports, Defendant acknowledged, through counsel, that he "waive[d] a formal reading and admit[ted] a willful violation of his probation[.]" The probation officer then purported to read the allegations in the violation reports. After detailing the violations of probation in 17 CRS 054551 alleged in the March report, he added, "Addendum violation, offender left room No. 12 of the Southern Air Motel on or about 6/22/2018 and failed to make his whereabouts known." However, that violation is not alleged in the March report in 17 CRS 054551, no addendum to the March report appears in the record on appeal,[3]

---

[3] Had an addendum to the March report been erroneously excluded from the proposed record on appeal, the State could have timely served the addendum as an amendment to the proposed record on appeal. *See* N.C. R. App. P. 11. Moreover, after the record on appeal had been settled, the State

and the State does not argue on appeal that there was an addendum to the March report.

The probation officer then stated that the July report in 17 CRS 054550 alleged "the same violations" as the March report in 17 CRS 054551, with the addition of "a warrant was issued for defrauding a drug screen. That's since been dismissed. And he had a charge of possession of methamphetamine and an outstanding warrant for possession of a stolen motor vehicle. Those have all been resolved at this time."

The probation officer and defense counsel both recommended the trial court terminate Defendant's probation. The trial court announced, "Well, let me just first make the record or help the record be clear on what it is you're admitting[,]" after which the following dialogue took place:

> THE COURT: And 17CRS54551, there are two allegations that I see. One of them is the absconsion, the other is the outstanding warrants for possession of stolen, I guess, property. So apparently no conviction yet in that. You're admitting to absconsion in that?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: And I'm not sure, the State, I don't think, is pursuing the other. So we will note that the State is pursuing No 1 in that, and that's admitted. The State is not pursuing No. 2, if I'm correct on that. Does that sound right? Just the conviction for the marijuana that is alleged on the other file which is 17CRS54550. The absconsion,

---

could have supplemented the record with the addendum, had it been presented to the trial court. N.C. R. App. P. 9(b)(5) ("If the record on appeal as settled is insufficient to respond to the issues presented in an appellant's brief . . ., the responding party may supplement the record on appeal with any items that could otherwise have been included pursuant to this Rule 9.").

No. 1, is admitted. Is he admitting he missed the visit on March 7 or no?

[DEFENSE COUNSEL]: We will admit that as well, Your Honor.

THE COURT: Okay. Number 2 is admitted. Not possess contraband is No. 3. Possess no firearm is No. 4. It sounds like you're saying, Mr. Collis, we're not pursuing those. The State is not pursuing those?

. . . .

PROBATION OFFICER: It was a violation of his probation, but he was never charged with that.

THE COURT: All right. Well, I will just note it denied. And -- and State is not pursuing it in a hearing format today. And I'll -- with no evidence, I'll just find he's not in violation of 3 and 4 on that. And then No. 5, admitting the homemade water [bong] and marijuana, I gather, because of the possession charged, that you are admitting?

[DEFENSE COUNSEL]: Number 5, Your Honor?

THE COURT: On that file, yes, sir.

[DEFENSE COUNSEL]: Yes, Your Honor. We will admit that.

THE COURT: 1 and 5 on that are admitted. 3 and 4, I'm finding, are dismissed.

Immediately after this colloquy, the trial court announced as follows:

> And so in response, let's see, I'll order that the earlier -- that [Defendant's] probation be revoked. And I will just address 17CRS54550 first.
> . . . .
> So with respect to the file ending in 550, the probation is revoked. The earlier suspended sentence of minimum of 8, maximum of 19, is ordered activated.
> . . . .
> With respect to the other file, 17CRS54551, again, I will note the absconsion and revoke probation. The earlier suspended sentence of a minimum of 8, maximum 19 is --

> was to run at the expiration of the one I just mentioned,
> and so that would be activated as a consecutive sentence.

Here, the trial court stated that it saw two allegations in 17 CRS 054551, one of which was absconsion. It then asked defense counsel if Defendant was admitting to absconsion, and defense counsel answered in the affirmative. The trial court noted that "the State is pursuing No. 1 in that, and that's admitted." However, there is no allegation of absconding in 17 CRS 054551. The first paragraph of the March report in 17 CRS 054551 alleges that Defendant violated the condition of his probation that he "[r]eport as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places . . ." in that he failed to report to an office visit on 3/7/2018.

The first paragraph of the July report in 17 CRS 054550 does allege that Defendant violated the condition of probation "[n]ot to abscond" in that he "left Southernaire motel room number 12 on or about 6/20/2018 and has failed to make whereabouts known thus absconding." (original in all capital letters). After inquiring about the absconding allegation, the trial court then inquired sequentially about the remaining allegations in the July report in 17 CRS 054550. Thus, it is apparent that the trial court's line of questioning pertained to 17 CRS 054550 in the July report.

After its questioning, the trial court orally found the allegations in paragraphs 1, 2, and 5 admitted and dismissed allegations in paragraphs 3 and 4 in 17 CRS 054550 in the July report. The trial court then stated, "With respect to the other file,

17CRS54551, again, I will note the absconsion and revoke probation." In the written judgment revoking Defendant's probation in 17 CRS 054550, the trial court found Defendant had willfully violated the terms of his probation as set forth in paragraphs 1, 2, and 5 of the violation report in 17 CRS 054550 "dated 07/13/2018." In the written judgment revoking Defendant's probation in 17 CRS 054551, the trial court found Defendant had willfully violated the terms of his probation as set forth in paragraph 1 of the violation report in 17 CRS 054550 "dated 07/13/2018."

The allegations contained in the July report in 17 CRS 054550 were insufficient to put Defendant on notice of a violation in 17 CRS 054551. Two different judgments suspending the sentences were entered with two different file numbers–17 CRS 054550 and 17 CRS 054551–for two different offenses; separate violation reports were filed in each case, with four months in between the report filed in 17 CRS 054551 and the report filed in 17 CRS 054550; and the violation reports did not contain the same allegations. As absconding was not alleged in the March report in 17 CRS 054551, Defendant was not on notice that he could be found to have violated his probation for absconding or that his probation could be revoked for absconding in 17 CRS 054551.

Furthermore, even if the written judgment in 17 CRS 054551 is treated as containing a clerical error in referring to the violation report "dated 07/13/2018" and we instead look to the violation report filed in that case on 12 March 2018, the

allegation in paragraph 1–"'Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places . . .' in that OFFENDER FAILED TO REPORT FOR OFFICE VISIT ON 3/7/2018"–does not, without more, allege absconding in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). *See State v. Johnson*, 246 N.C. App. 139, 142, 783 S.E.2d 21, 24 (2016) ("[A] defendant informing his probation officer he would not attend an office visit the following day and then subsequently failing to report for the visit, does not, without more, violate N.C. Gen. Stat. § 15A-1343(b)(3a) when these *exact actions* violate the explicit language of a wholly separate regular condition of probation which does not allow for revocation and activation of a suspended sentence."). Instead, paragraph 1 alleges a violation of the condition of probation that Defendant "[r]eport as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places[,]" as specifically alleged by the State in the March report. A violation of this condition is a non-revocable violation.

The State argues that Defendant was on notice that his probation could be revoked in 17 CRS 054551 because "the March 2018 report alleged that Defendant possessed a stolen firearm and possessed marijuana and drug paraphernalia, all of which constitute criminal offenses in North Carolina, which makes those actions grounds for probation revocation under [N.C. Gen. Stat.] § 15A-1343(b)(1) (commit no criminal offense in any jurisdiction)." This argument is meritless.

*COLLINS, J., concurring in part and dissenting in part.*

First, the March report alleged that Defendant's behavior violated the regular terms of probation that he "possess no firearm" under N.C. Gen. Stat. § 15A-1343(b)(5) and "[n]ot use, possess or control any illegal drug or controlled substance" under § 15A-1343(b)(15). The violation of either of these conditions of probation is not a revocable violation. *Williams*, 243 N.C. App. at 200, 776 S.E.2d at 743. Furthermore, while the notice required by N.C. Gen. Stat. § 15A-1345(e) "requires only a statement of the actions that violated the conditions, not of the conditions that those actions violated[,]" *State v. Moore*, 370 N.C. 338, 341, 807 S.E.2d 550, 553 (2017), due process under the Federal Constitution and our state statute "requires a specific description of the condition of probation violated . . . and *not* simply a description of the behavior that constituted the violation." *Id.* at 356, 807 S.E.2d at 561 (Beasley, J. dissenting); *see id.* at 345, 807 S.E.2d at 555 (explaining that the majority opinion addresses only the statutory notice required by N.C. Gen. Stat. § 15A-1345(e) and does not address a due process or the Fourteenth Amendment argument). As the March report did not allege that Defendant violated the condition of his probation that he commit no crime, the March report did not put Defendant on notice that his probation could be revoked under N.C. Gen. Stat. § 15A-1343(b)(1). Finally, neither the behavior alleged, nor the conditions alleged to have been violated, put Defendant on notice that he could be found to have violated his probation for *absconding* or that his probation could be revoked for *absconding*. *See Hubbard*, 198

*COLLINS, J., concurring in part and dissenting in part.*

N.C. App. at 158, 678 S.E.2d at 393 ("The purpose of the notice mandated by [N.C. Gen. Stat. § 15A-1345(e)] is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act.") (citation omitted).

### III. Conclusion

As the trial court erred by revoking Defendant's probation in 17 CRS 054551 for a violation of which he had no notice or, in the alternative, for a violation that was not revocable, I would reverse the judgment entered upon the revocation of Defendant's probation in 17 CRS 054551.